THE STATE OF MISSOURI, Respondent, v. JOSEPH LARKIN, Appellant.

St. Louis Court of Appeals, February 1, 1887.

CRIMINAL LAW — CARRYING CONCEALED WEAPONS. — The question whether the offence of carrying, concealed, a dangerous weapon, is proved, depends upon the character of the weapon and the intent with which it is carried, and these are ordinarily questions of fact.

APPEAL from the Laclede County Circuit Court, W. J. WALLACE, Judge.

*Reversed and remanded.*

JAS. MORAN, for the appellant.

ROMBAUER, J., delivered the opinion of the court.
The defendant was indicted, tried, and convicted on

a charge of carrying, concealed upon his person, a dangerous and deadly weapon. The testimony offered by the state tended to show, that the defendant, at the date of the alleged offence, had an unloaded pistol, which was apparently new and unused, in his overcoat pocket. The defendant, who testified on his own behalf, stated that he had that day bought the pistol, which was new, at the hardware store of one Fount Scott, not for the purpose of immediate use, but for the purpose of taking it with him on a trip which he was to make the succeeding week, and that the pistol had never been loaded.

The cause was tried by the court sitting as a jury. There was no conflict of testimony between the evidence offered for the state and that offered for the defendant. The court refused all of the defendant's instructions, and the following among the number:

"If the court, sitting as a jury, believe from the evidence, that the defendant, on the thirtieth day of January, 1885, purchased a pistol of one Fount Scott, in the city of Lebanon, and that he had such pistol upon his person, in one of his coat pockets, and that pistol had not at any time been loaded with powder and ball, it will find the defendant not guilty, unless it further find that such pistol was a dangerous and deadly weapon, notwithstanding the same was not loaded."

The court refused this instruction, and in so doing committed error. The terms, dangerous and deadly, are interchangeable, because dangerous means dangerous to life, but what is a dangerous and deadly weapon depends not so much on the article itself, provided it is one that may become dangerous to life, as upon surrounding circumstances, and the intent with which it is carried, and is necessarily, to some extent, a question of fact and not of law.

In *Flournoy v. The State* (16 Texas, 31), the court refused to instruct the jury that, an unloaded pistol is not a deadly weapon, and it was held no error. In *Commonwealth v. Branham* (8 Bush, 387), a chisel was held

to be a deadly weapon, while in *United States v. Small* (2 Curtis, 243), one of the ablest jurists charged the jury that, whether the assault was made with a dangerous weapon (meaning dangerous to life), the article in question being a belaying pin, depended on the manner of the assault.

A razor is an article of common domestic use, and while no one could be held guilty of the offence of carrying a dangerous and deadly weapon concealed about his person, simply because he so carried a razor, yet, if surrounding circumstances would tend to show that he carried it as a weapon of offence, he might become liable to the charge, because a razor, when thus used, is notoriously a weapon dangerous to life.

Now, while the defendant's instruction is inartifically drawn, it is evident that the question it is designed to submit to the court sitting as a jury, is, whether at the date of the alleged offence the defendant carried the article as a weapon, that is, for the purpose of using it as such if occasion should require.  In one sense, a pistol, even unloaded, is a dangerous weapon, as a matter of law, but whether it is a dangerous weapon within the meaning of the statute against carrying concealed weapons, is, to a great extent, a question of fact, depending on the proposition, whether at the date of the alleged offence it is carried for use as a weapon.

If, in the case at bar, the defendant carried the pistol as a mere article of merchandise, without any intention, fairly inferable, that he intended to use it as a weapon prior to his arrest, he was entitled to a discharge.  His own testimony tended to show that such was the fact. If the court sitting as a jury would have disbelieved him, there would be no warrant for disturbing the judgment.  The action of the court, however, implies that the court rejected that testimony, not as untrue, but as irrelevant, and for that reason its judgment must be reversed and the cause remanded.  It is so ordered.  All the judges concur.