STATE OF MISSOURI, Respondent, v. GEORGE LIVESAY,
Appellant.

### St. Louis Court of Appeals, April 24, 1888.

1. CRIMINAL LAW—EVIDENCE—VARIANCE.— Where the indictment
   describes a weapon unlawfully carried as a "pistol commonly
   called a revolver," and the witness describes it as a pistol merely,
   there is, therefore, no variance or failure of proof.

2. ———— UNAVAILABLE DEFENCE.—It is no defence in answer to the
   charge of unlawfully carrying a concealed dangerous weapon that,
   when it was first seen in defendant's hand, he was using it in his
   self-defence.

3. ———— CONCEALED DANGEROUS WEAPON—INSTRUCTION.—In a
   trial upon an indictment for unlawfully carrying a concealed
   dangerous weapon, there is no error in an instruction to the
   effect that it devolves on the defendent to show that he had been
   threatened with great harm, or had good reason to carry the
   same in the necessary defense of his person, home, or property.

4. ———— MISDEMEANOR AND FELONY—NO MERGER, WHEN.—Where
   one unlawfully carrying a concealed dangerous weapon, draws it
   to commit a felony, the misdemeanor is not merged in the felony.
   The two offences are distinct, and each is complete in itself.

APPEAL from the Lawrence Circuit Court, HON. M.
G. McGREGOR, Judge.

*Affirmed.*

W. CLOUD and BOB RUTLEDGE, for the appellant:
There is no evidence upon which defendant could be
convicted. No one testified that he carried the pistol
on and about his person, concealed or otherwise, or that
it was such a pistol as is described in the indictment.
If he did, the evidence of the prosecution shows that he
had a lawful excuse or reason to carry the same in the
necessary defence of his person. He was acting purely
in self-defence, and was not able to do so successfully
without the aid of the pistol. The jury were doubtless

misled in passing upon this question by the latter part of the first instruction which told them: "It devolves on him (defendant) to show that at the time he so carried said revolver he had good reason to carry the same as aforesaid," which was construed by them into a direction by the court that this evidence should come from the defendant or his witnesses. The shooting with the pistol, if not justified, would amount to a felony, and the carrying of the pistol was a part of the *res gestae* of the felony and was, therefore, merged into the greater offence. If the shooting was in justifiable defence of the person, then the carrying of the pistol could not be unlawful.

WM. B. SKINNER, for the respondent.

THOMPSON, J., delivered the opinion of the court.

The defendant was indicted under section 1274, Revised Statutes, for carrying, concealed upon and about his person, a certain deadly and dangerous weapon, to-wit, a pistol, commonly called a revolver, convicted and adjudged to pay a fine of one hundred dollars. The only witness for the state testified that he was a barkeeper at the saloon of the Decatur House, in Peirce City; that, about ten o'clock in the evening, William Rex was at the bar drinking, when the defendant came in, passed through the room, went out through the back door and was gone a few moments, when he returned, and, while passing back again through the bar-room, overheard Rex remark to the witness that he, defendant, was the damned rascal that had insulted him, Rex, on a previous occasion, by dunning him for a little bill on Sunday, in a crowd. Thereupon the defendant tried to explain and stepped back. Rex then approached him in an angry and excited manner, as though he would strike him. The defendant stepped back and placed his right hand on his right hip-pocket. The witness did not see anything in his hand then. Rex then struck him with his fist, and they went down

together, Rex on top and beating him. The witness went to pull Rex off, and saw a pistol in defendant's hand underneath Rex. The witness heard a shot fired, and then defendant scrambled to his feet, Rex still holding on to him and striking him from behind in the back, when the defendant put his pistol back over his left shoulder and fired, and Rex fell. The witness could not see the pistol before the defendant had it in his hand. It was in his hand when the witness first saw it. Before this it was concealed from the witness until after the defendant reached to his pocket. On cross-examination, the witness stated that he did not see the defendant take the pistol out of his pocket, or out of any other place of concealment, and did not know that he had it concealed about his person, or where it came from, except that he saw him reach to his pocket and afterwards saw him have the pistol. The first that witness saw of the pistol was in the defendant's hand when he lay on the floor. No one else was in the room. The testimony of this witness also showed that the defendant was a boarder in the hotel, and that the customary way to go to the water-closet was through the bar-room. The defendant produced witnesses whose testimony tended to prove that he had the reputation of being a good, law-abiding citizen; that he was physically unable to cope with Rex, and that Rex was a stout, able-bodied man of a quarrelsome disposition when intoxicated. This was all the evidence in the case. There was no evidence that Rex had threatened the defendant with serious bodily harm; in short, there was no evidence tending toward the hypothesis that it was necessary for the defendant to arm himself with a deadly weapon in order to defend himself against Rex or any one else.

I. The first assignment of error is, that the evidence was insufficient to sustain the conviction, since no one testified that the defendant carried the pistol on or about his person, concealed or otherwise, or that it was such a pistol as is described in the indictment. It

is not necessary that it should have been such a pistol as was described in the indictment. A variance between a description of the pistol spoken of in the indictment and that described by the witness would have been immaterial, if there was such a variance; but there was none. The pistol is neither described in the indictment nor by the witness, except that the indictment described it as a pistol commonly called a revolver, and the witness described it as a pistol merely. As the testimony showed that two shots were fired from it, the natural inference would be that it was a revolver.

Evidence that the witness did not see the pistol before he saw it in the defendant's hand, and that he saw the defendant reaching in the direction of his hip-pocket before he saw the pistol in his hand, was evidence from which the jury might infer that the defendant carried the pistol concealed in his pocket. A bystander would not see a pistol if it were concealed in the pocket of another; and if that other were to draw the pistol, no better evidence could be produced that he had carried it concealed, unless a witness had seen him in the very act of drawing it. The witness did not see him draw it, but he saw him making the natural motion to draw it, and afterwards saw it in his hand. The physical circumstances indicate that the reason why the witness did not see him draw the pistol was that the defendant was on the floor under Rex at the time when he drew it.

II. Whether or not the evidence shows, as counsel for the defendant argue, that the defendant used the pistol in necessary self-defence, need not be considered, because such a question, in the state of the other evidence, is irrelevant. It might be well answered that if he had not been armed with the pistol the encounter with the drunken man which created the necessity of using it in self-defence would not probably have taken place. If the defendant had not been thus armed, he would, no doubt, have been less ready to enter into the quarrel; and if Rex had known that he was armed he

would have been less ready to provoke him.  The fact that the habit of carrying concealed weapons is of itself productive of homicides and homicidal assaults where, if neither party were so armed the peace would probably not be broken, is the well-known reason of the policy which prompted the legislature to enact the statute. By the terms of section 1275, "it shall be a good defence to the charge of carrying such weapon, if the defendant shall show that he has been threatened with great bodily harm, or had good reason to carry the same in the necessary defence of his person, home, or property." The defendant in this case gave no evidence tending to show any of these conditions—no evidence that he carried the pistol in any expectation, reasonable or otherwise, that Rex or any one else intended to make such an assault upon him.  There was, therefore, no ground for submitting to the jury the hypothesis that the defendant may have carried the pistol for this purpose ; and hence, so much of the instruction as so directed the jury was an error committed in the defendant's favor.

III.  This being so, no just complaint could be made of the language in which such instructions were couched.  Nevertheless, the defendant complains of the following clause in one of the instructions :  "It devolves on him (the defendant) to show that, at the time he so carried said revolver, he had good reason to carry same as aforesaid",—that is, in the necessary defence of his person.  This instruction was properly framed.  By the terms of the statute above quoted (Rev. Stat., sec. 1275) if the defendant had such good reason for carrying the weapon, that is made an affirmative defence for him to show.  The instruction was given out of a proper solicitude for the rights of the defendant, and, in so far as it explained to the jury that it devolved on the defendant to show that he had such good reason for carrying the weapon, it merely pursued the terms of the statute.

IV.  The last assignment of error is, that the shooting with the pistol, if not justified, would amount to a

felony, and hence that the carrying of the pistol was a part of the *res gestae* of the felony and was merged therein. It does not come with very good grace from the defendant to complain that he has been prosecuted for a misdemeanor instead of a felony. But, waiving this, the doctrine of merger has no application to such a case. The offense of carrying the weapon concealed upon his person was one offense; and if he made an unlawful or felonious use of it in shooting Rex with it, that was another and a distinct offense. One offense ante-dated the other and was complete before the other took place. The lesser was not merged in the greater, under any proper conception of the doctrine of merger.

All the judges concurring, the judgment is affirmed.