STATE OF MISSOURI, Respondent, v. WILL MURRAY, Appellant.

**St. Louis Court of Appeals, January 21, 1890.**

**Criminal Law**: CARRYING CONCEALED WEAPONS. The carrying of a deadly weapon, concealed on the person, is not necessarily criminal; if the weapon is carried not for use as such, but merely for the purposes of sport, the act is not criminal.

*Appeal from the Greene Circuit Court.*—HON. W. D. HUBBARD, Judge.

REVERSED AND REMANDED.

*Goode & Cravens* and *James R. Vaughan,* for the appellant.

The statute does not denounce the mere putting of a pistol into one's pocket for a single moment. It is the pernicious habit or purpose of going about secretly armed that the law condemns. The crime of carrying concealed weapons implies some continuity of purpose and action. In Arkansas, under a statute similar to ours, it has been held that there are three essential elements in the offense: (1) The implement must be placed about the person, and carried around in some way, to be at all times accessible. If it is merely, and in good faith, being transported to be repaired or given to another, or for purposes of trade, or any other object, save to be used in fight, it cannot be said to be worn. (2) It must be concealed—that is, hidden from general view, so as to put others off their guard. (3) And, lastly, it must be carried as a weapon; that is, for the purpose of having it convenient for use in fight. *Carr v. State,* 34 Ark. 448; *State v. Gilbert,* 87 N. C. 527; *State v. Larkin,* 24 Mo. App. 410.

*John A. Patterson*, for the respondent.

BIGGS, J., delivered the opinion of the court.

The defendant was indicted, tried and convicted, in the circuit court of Greene county for carrying concealed upon his person a dangerous and deadly weapon. The evidence on the part of the state tended to prove that the defendant did carry a revolving pistol concealed upon his person.

The defendant introduced evidence tending to prove that, on the day he was charged 'with carrying the revolver, he and three other young men, who resided in Springfield, went on a pleasure trip to James river, distant seven or eight miles from the city; that he took the pistol for the purpose of shooting at a mark, and with no intention or thought of using it as a weapon; and that, in going to and coming from the river, the pistol was placed either on the seat or bottom of the vehicle in which they were riding. When the party got to the James river, they fell in company with another crowd of young men, and the pistol was taken out of the buggy and used by several members of both parties in shooting at a mark. It was during this time that one of the state's witnesses testified that he saw the defendant put the pistol in his hip pocket, and the court, upon the testimony of this witness, found the defendant guilty. The cause was submitted to the court without a jury.

There is substantial evidence to sustain the judgment, and the defendant's conviction must be upheld, unless it appears, from the instructions given and refused, that the court tried the case upon a misconception of the law, or excluded from its consideration evidence tending to establish a valid defense.

At the instance of the state, the court gave the following instruction or declaration of law: "The court declares the law to be, if the defendant did in

the county of Greene, and state of Missouri, on or about the twelfth day of May, 1888, and within one year next before the finding of the indictment herein, then and there unlawfully carry concealed upon and about his person a dangerous and deadly weapon, to-wit, a pistol, then the defendant is guilty as charged in the indictment."

The defendant aked the court to give the following declarations of law, which the court refused to do :

"1. That, in order to constitute the offense of carrying concealed weapons, the intent with which the implement is carried is material, and if in this case the court finds that the pistol was not carried for use as a weapon, in the event occasion required, then the court will find the defendant not guilty.

"2. To conceal a weapon means something more than carrying or the mere act of having it where it may not be seen. It implies an assent of the mind and a purpose to carry it so that it may not be seen.

"3. In order to constitute the carrying of a weapon concealed, under the laws of the state, it must be carried as a weapon—that is, for the purpose of using it as such—if occasion required.

"4. In order to constitute the offense with which the defendant stands charged, the implement must be carried to be at all times accessible; that carrying does not mean a mere temporary or casual act of possession or holding of the implement; but implies a continuity of action and purpose for that particular occasion under investigation; must be carried for the purpose of being used as a weapon, an implement of offense or defense, and must be concealed from general view so as to put others off their guard."

The court refused all of said instructions, to which action the defendant excepted.

It is quite apparent that, in the opinion of the trial judge, the evidence introduced and relied on by the

defendant to explain the circumstances under which he had possession of the pistol, and his purpose and intention in carrying it, had no tendency to establish a defense to the charge contained in the indictment; in other words, the intent with which the weapon was carried could cut no figure in the case, and should not be considered.

This court has placed quite a different interpretation on the statute. In the case of *State v. Larkin,* 24 Mo. App. 410, this court, speaking through Judge ROMBAUER, said : "If, in the case at bar, the defendant carried the pistol as a mere article of merchandise, without any *intention, fairly inferable, that he intended to use it as a weapon,* prior to his arrest, he was entitled to his discharge." Also in the case of *State v. Roberts* ( *ante,* p. 47 ), we had occasion again to construe this statute. In disposing of this question, the court said : "That a pistol was only a deadly weapon when carried for *use,* and all that can be said is that, *prima facie,* the fact of its being carried is evidence that it is carried for use; but the defendant is at liberty to *rebut* this inference by showing that he carried it as a mere article of merchandise, or, as in this case, as a mere messenger for transmission to a third party *without any intention to use it as a weapon.*"

Upon the authority of these cases we must conclude that the court disposed of the present case upon a wrong theory. The action of the court in reference to the instructions clearly implies that the defendant's testimony was not discarded as untrue, but was treated as irrelevant. The main and sole object of the statute was to break down the pernicious and dangerous habit of carrying concealed weapons, to be *used as weapons,* if it should become necessary, and it was not, in our opinion, the intention of the legislature to subject the citizen to punishment for carrying deadly of dangerous weapons concealed on his person, *regardless of circumstances or his intent or purpose in carrying them.*

In the interpretation of statutes courts should not "stick in the bark."

If the defendant took the pistol with him for the purpose of affording innocent sport for the party, and with no intention to use it as a weapon, and it was carried in a manner stated by his witnesses, then he was entitled to his discharge, notwithstanding that he may have, during the time, placed the pistol in one of his pockets, so that it could not be seen.

It follows that the judgment of the circuit court will be reversed and the cause remanded. All the judges concur.