State v. Roan.

---

STATE OF MISSOURI, Respondent, v. ROAN, Appellant.

**St. Louis Court of Appeals, December 17, 1907.**

CRIMES: Carrying Concealed Weapons. In a prosecution of a defendant for carrying concealed weapons, under section 1862, Revised Statutes, the evidence is examined and held sufficient to support a verdict of guilty and to show that the defendant did not have a right to carry the weapon in question under the Bill of Rights.

Appeal from St. Louis Court of Criminal Correction.— *Hon. W. A. Taylor,* Judge.

AFFIRMED.

*William E. Fish* for appellant.

After reading the record in this cause, we would most respectfully call this court's attention to section 17, article 2, as contained in our bill of rights.

*Phillips W. Moss* for respondent.

GOODE, J.—This appellant was convicted of the offense of carrying a concealed weapon on his person. The weapon was a loaded revolver and the testimony shows appellant was arrested at a saloon on the corner of Compton and Easton avenues early in the morning of March 12, 1907.    A policeman who was walking his beat learned there had been a difficulty in the saloon and as appellant came out, the policeman felt of appellant's hip pocket and found the revolver in his right-hand hip pocket, concealed from view and loaded with powder and balls. Appellant testified that he kept a saloon in East St. Louis but resided at 2300 Olive street in the city of St. Louis; that he was accustomed to leave his saloon and come home very early in the morning, between four and five o'clock, and on one occasion had been robbed by a highwayman on Eads Bridge and for this reason and to protect himself in the future, he carried the weapon.    It is insisted that under such circumstances appellant was entitled by the Bill of Rights to carry a weapon and, further, that the statutes permitted him to do so.    The section against carrying concealed weapons is 1862 (R. S. 1899) and the succeeding section (1863) provides for certain instances in which the prohibition of the prior section does not apply.    One of these exceptions is when the accused person can show he had been threatened with great bodily harm and had good reason to carry the weapon in defense of his person or his property.    Under those provisos the appellant might have been excused for carrying the weapon if, in good faith and for

good cause, he did so to protect himself from robbery. But no declarations of law were requested, and questions asked by the court indicate the court did not believe the appellant was carrying the weapon in good faith for the purpose stated.     The court elicited that though defendant had started for his home on Olive street, he was in a saloon far to the north and west of where his home was.     His home was between the saloon where he was arrested and his own saloon in East St. Louis.     Appellant's explanation of this circumstance was that he had gone to the saloon in question without first going home, in order to see a friend.     If a proper declaration of law had been requested, setting forth the circumstances under which the appellant might lawfully carry the weapon, and had been refused, the appeal might prevail.     Nothing of this kind was done and as the court could believe or not appellant's story the judgment is affirmed.     All concur.