STATE OF MISSOURI, Respondent, v. HOVIS,
Appellant.

St. Louis Court of Appeals, argued January 11, opinion filed
February 23, 1909.

CRIMES AND PUNISHMENTS: Carrying Concealed Weapons:
Construction of Statute. Where a person carries a deadly
weapon concealed about his person with the intent to conceal
it, it does not matter what his purpose or how harmless his
motive in carrying it, provided his carrying it does not come
within the exceptions of section 1863, Revised Statutes 1899.

Appeal from Wayne Circuit Court.—*Hon. Jos. J.
Williams*, Judge.

AFFIRMED.

*John H. Raney* and *V. V. Ing* for appellant.

*J. F. Meador* for respondent.

STATEMENT.—The defendant was proceeded against
on information for carrying concealed upon and about
his person a "dangerous and deadly weapon, to-wit: a
pistol, in violation of section 1862, Revised Statutes ·
1899." His trial was before the court and a jury; he
was found guilty, his fine assessed at the sum of fifty
dollars and judgment went accordingly. From this de-
fendant has appealed.

Defendant, testifying in his own behalf, said that
on the day on which he was carrying the pistol he had
it in his right hip pocket with his handkerchief. He
was asked, when testifying as a witness in his own be-
half, what the occasion was for having it in his pocket
that day; why he put it in his pocket that day at all?
What was he doing? This was objected to as not being
material to the defense, the court saying he "did not
see the materiality of it." Whereupon counsel for the
defendant stated that he would like to show that the
defendant put that pistol in his pocket, went to the

woods with a mare he was taking there, came back to the well and got a drink; to which the court said he did not suppose that that was necessary and excluded the question and the offer. Defendant was then asked by his counsel whether he had the pistol in his pocket that day for the purpose of shooting at rabbits or wolves when he was going into the woods,. and he answered, "Yes, sir." Whereupon the prosecuting attorney interposed that it was not material and the court sustained this objection. Defendant was then asked if he was carrying the pistol on that day as a weapon, except for the purpose of shooting· game. The prosecuting attorney objected to this, and the court sustained the objection. Exceptions were duly saved to all these rulings of the court. At the conclusion of the testimony, the defendant asked an instruction, in substance, that if the jury believed that defendant carried the pistol into the woods while taking his mare to the range and took the revolver for the purpose of shooting any wolf or other game he might see and was not carrying it for defense or offense, they should find the defendant not guilty. This instruction the court refused and defendant duly ·excepted. Motion for new trial was filed and overruled, exceptions duly saved, and an appeal taken to this court.

REYNOLDS, J. (after stating the facts).—This is very evident that the learned circuit judge tried this case on the theory that section 1862, Revised Statutes 1899, made it unlawful for defendant "to carry concealed upon or about his person any deadly or dangerous weapon," and that it was unlawful for him to do so unless he came within the exceptions contained in section 1863. There was no substantial evidence bringing this defendant within the exceptions contained in the latter section, and the determination of this

case, therefore, turns upon the correctness of the ruling of the trial court in excluding the testimony offered by the defendant as to the purpose with which he was carrying the pistol. It is insisted by the counsel for the appellant that this case comes within the decisions of this court in State v. Larkin, 24 Mo. App. 410; State v. Roberts, 39 Mo. App. 47; and State v. Murray, 39 Mo. App. 127. In the case of State v. Larkin, the pistol was unloaded, in point of fact had never been loaded, and was being carried by the defendant in his overcoat pocket from the store at which he bought it to his home, he intending to take the pistol with him on a journey he was about to make. The defendant was therefore within the exceptions of section 1863, and claiming that to be the fact he was properly allowed to have that before the jury. In the Roberts case, the defendant was carrying the pistol as an article of merchandise for delivery to the owner; and in the Murray case the pistol was carried, not concealed about the person in any sense in which those terms are used in the statute, but on the seat or in the bottom of the vehicle in which the party was riding, they having been out hunting and shooting at a mark. We are not disposed to extend the language or decision of those cases beyond identical cases.

In the case at bar the facts sought to be proven did not, if true, bring the case within the exceptions of section 1863. This statute against carrying deadly weapons concealed on or about the person was enacted to check and prevent, if possible, a practice which has led to innumerable woundings and killings. The evil aimed at and attempted to be corrected by the Legislature of this State is a serious one and the courts owe it to the public to see that the object of the statute is not frittered away by a narrow construction. The intent at which the Legislature aimed the statute was the intent to do the act prohibited by the statute, namely, carrying a deadly weapon concealed upon or about

the person (5 Am. and Eng. Ency. Law (2 Ed.), p. 734, par. V) and we are not disposed to fritter this away by searching after the intent with which the party carried the weapon. In this case there is no question whatever but that the intent to carry this deadly weapon concealed was present, and whatever other intent the defendant had in carrying it was immaterial, provided that intent did not come within the exceptions of section 1863, which exceptions have been said by this court in State v. Levisay, 30 Mo. App. 633, to be affirmative defenses. When the intent to carry a deadly weapon concealed about the person exists and the act is not within some one of the exceptions of section 1863, the defendant is guilty and it is immaterial that his ulterior purpose or motive in carrying the weapon is innocent or harmless. [5 Am. and Eng. Ency. (2 Ed.), p. 735, par. V.] When there was an absence of any such intent to carry the weapon as a concealed weapon, as in the three cases above cited, where the weapon was carried as a mere article of merchandise or openly in the vehicle on the return from a hunting and shooting trip, then the carrying of the weapon was not a violation of the law. But that is not this case. It presents the ordinary one of a young man going about with a deadly weapon concealed upon his person and it is from the act of carrying concealed a deadly weapon in this way and under like circumstances that so many of the lamentable shooting affairs have occurred in our State. The courts owe it to the safety of the public to put a stop to the practice.

The judgment of the lower court is affirmed. All concur.