STATE OF MISSOURI, Respondent, v. JOHN REED, Appellant.

Springfield Court of Appeals, January 3, 1910.

1. CRIMINAL LAW: Carrying Concealed Weapons: Permitted Under Certain Circumstances: Instructions. The statute provides that it shall be a good defense to the charge of carrying concealed weapons if the defendant shall show that he has been threatened with great bodily harm, or had good reason to carry the same in the necessary defense of his person, home or property; but an instruction that required the jury to find not only that he had been threatened with great bodily harm, but also that he carried the weapon in the necessary defense of his person or property, is erroneous.

2. ———: ———: Instructions. The statute provides that it is a good defense to the charge of carrying concealed weapons if the defendant shows that he had good reason to carry the same in the necessary defense of his person, and an instruction is erroneous which omits the words "had good reason to carry the same."

3. ———: ———: Weapon May Be Carried When: Burden on Defendant. Where the defense to the charge of carrying concealed weapons is that defendant had good reason to carry the same in defense of his person, the burden is upon him to prove it, and if he introduces the evidence to show that threats were made against his life, he should further show that they were made under such circumstances that justified him in carrying the weapon in good faith and on account thereof.

Appeal from Stone Circuit Court.—*Hon. John T. Moore,* Judge.

REVERSED AND REMANDED.

*G. W. Thornberry, Viles & Scott* for appellant.

*W. E. Renfro* for respondent.

GRAY, J.—On the 5th day of October, 1908, the prosecuting attorney of Stone county, filed an information charging the defendant with the offense of carrying concealed weapons and in the presence of certain persons, exhibiting the same in a rude and threatening manner. On November 5, the defendant having entered a plea of not guilty, was tried and convicted by a jury on a charge of carrying such weapon, and his punishment assessed at five days' imprisonment in the county jail.

There was uncontradicted testimony that the defendant carried concealed upon his person a revolver, prior to the filing of the information in this case. He defended on the ground that his life had been threatened, and that he had good reasons to carry the same in the necessary defense of his person and property. The prosecuting attorney testified in behalf of the State, and on cross-examination he admitted that defendant had come to him and told him of the threats against his life, that certain persons had made, and also testified that one Harmon had come to him and told him of the threats that he had heard certain persons make against the life of the defendant. He further testified that the defendant asked him permission to carry a revolver on account of these threats.

The defendant testified in his own behalf of the threats he heard certain persons had made against his life, and that he carried his revolver on account thereof.

The court, in behalf of the State, gave the following instruction: "If you find and believe from the evidence

that John Reed, in the county of Stone and State of Missouri, on or about the 29th day of July, 1908, did unlawfully carry concealed upon or about his person a certain dangerous and deadly weapon, to-wit: a revolving pistol, you will find the defendant guilty and assess his punishment at a fine not less than fifty dollars, or imprisonment in the county jail not less than five days, nor more than six months or by both such fine and imprisonment." This instruction meets with our approval.

The court also gave the following instruction: "The law permits a man to carry concealed weapons upon certain conditions, if you find and believe from the evidence that the defendant had been threatened with great bodily harm and he carried said weapon in the necessary defense of his person or property, then in that case you should acquit the defendant."

This instruction is in two particulars wrong. The statute reads: "It shall be a good defense if a defendant shall show that he has been threatened with great bodily harm, or had good reason to carry the same in the necessary defense of his person, home or property." The instruction required the jury not only to find that he had been threatened with great bodily harm, but also that he carried the weapon in the necessary defense of his person or property. Again, the statute only required him to show that he had good reasons to carry the same in the necessary defense of his property, but the instruction entirely omitted the words, "good reason to carry the same."

The defendant claims that the cause should simply be reversed without remanding. The defense that he carried the weapon because he had been threatened with great bodily harm, or that he had good reason to carry the same in the necessary defense of his person or property, is an affirmative defense, and the burden is upon him to prove the same. [State v. Levisay, 30

Mo. App. 633; State v. Hovis, 135 Mo. App. 544, 116 S. W. 6.]

It was claimed by him that the threats against his life were made to one Harmon, who told him and the prosecuting attorney thereof. Harmon was not placed upon the stand, and it may be, upon another trial, that Harmon's testimony may be produced, and it may be shown that the threats were not made. And we do not believe that the mere fact that a person can prove that some one has uttered words against him amounting to a threat, entitles him to an acquittal of the charge herein made. The threat may have been made as a joke and the defendant so understood it. The defendant should offer testimony showing that the threat was made under such circumstances that justified him in carrying the weapon in good faith and on account thereof. Judgment is therefore reversed and the cause remanded. All concur.