# STATE OF MISSOURI, Respondent, v. LOUIS ATHANAS, Appellant.

**St. Louis Court of Appeals, October 24, 1910.**

1. **CRIMES AND PUNISHMENTS: Appellate Practice: No Briefs Filed.** By provision of section 5312, Revised Statutes 1909, the court must render judgment on the record, on appeal, though there are no assignments of error before it and no brief has been filed.

2. **CARRYING CONCEALED WEAPONS: Sufficiency of Evidence.** In a prosecution, under section 1863, Revised Statutes 1899, for carrying a concealed weapon, evidence that defendant, when arrested, had a loaded revolver concealed in his pocket was sufficient to justify a conviction, unless it was shown that his carrying it came within one of the exceptions of the statute.

3. **CRIMES AND PUNISHMENTS: Credibility of Witnesses for Trier of Fact: Appellate Practice: Conclusiveness of Finding.** The court's finding that defendant was guilty of carrying a concealed weapon will be treated as indicating that, as was its right, it disbelieved his story, tending to show that the carrying was within an exception to the statute, no proper leclaration of law, as to the circumstances under which he could lawfully carry the weapon having been asked and refused, so as to indicate that the court had an erroneous view of the law; and such finding will not be disturbed on appeal.

4. ———: **Evidence: Hearsay.** Evidence, in a criminal prosecution, concerning a statement made by defendant six months before the offense was committed, offered for the purpose of substantiating a defense, was properly excluded, since it was merely a narrative of a past occurrence.

5. **CARRYING CONCEALED WEAPONS: Information: Sufficiency.** An information charging that defendant, at a certain time and place, did unlawfully carry concealed about his person a certain deadly and dangerous weapon, to-wit, revolver pistol loaded with gunpowder and leaden ball, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the state, is sufficient, as following the words of the statute.

Appeal from St. Louis Court of Criminal Correction.—
*Hon. Wilson A. Taylor,* Judge.

AFFIRMED.

*Brock* and Storts for appellant.

*Philips W. Moss* for respondent.

CAULFIELD, J.—The appellant was convicted
on June 9, 1908 of the offense, then a misdemeanor, of
carrying a concealed weapon about his person, the
prosecution being by information and the trial by the
court.

There are no assignments of error before this
court or briefs filed on behalf of either party, but
nevertheless under section 5312, Revised Statutes
1909, the court must render judgment upon the record.

There were no declarations of law asked or given
and no objections by appellant as to the admissibility
of testimony.

Appellant urged in his motion for a new trial,
which was overruled and exception saved, that the find-
ing was contrary to the law and the evidence. We can-
not agree with this contention. Both the witness on
behalf of the state, and appellant as a witness in his
own behalf, testified that about nine o'clock in the even-
ing of the —— day of——, 1908, appellant was ar-
rested as he was leaving a grocery at the corner of
Second and Dorcas streets in the city of St. Louis, and
that at that time he had a loaded revolver concealed in
his pocket. This evidence was sufficient to justify a
conviction unless it was shown that his carrying it
came within the exceptions in section 1863, Revised
Statutes 1899. [State v. Julian, 25 Mo. App. 133;
State v. Hovis, 135 Mo. App. 544, 116 S. W. 6.] The
exception evidently relied upon by appellant is stated
by that statute as follows: "It shall be a good defense

to the charge of carrying such a weapon, if the defendant shall show that he .... had good reason to carry the same in the necessary defense of his person . . . . or property." In support of this defense, appellant testified that about six months before the night of his arrest, he had been assaulted and robbed while on his way to visit his friend the grocer at Second and Dorcas streets, the assault and robbery having occurred about two blocks away from the grocery; and that he had carried the revolver for the sole purpose of defending against a second such assault. If a proper declaration of law had been requested, setting forth the circumstances under which the appellant might lawfully carry the weapon, and had been refused, or if there was anything else in the record to indicate that the trial court entertained an erroneous view of the law in the case, the appeal might prevail. But nothing of the sort was done or occurred, and the trial court could or could not believe appellant's story. [State v. Roan, 128 Mo. App. 212, 106 S. W. 581.] Its finding indicates it did not believe the story, and its finding will not be disturbed by us.

Appellant also urged in his motion for a new trial that the court excluded competent and legal testimony. The only testimony which was excluded by the court was the answer to the following question that was propounded by counsel for appellant to appellant's witness the grocer: "Q. Do you remember defendant telling you some six months before the night upon which he was arrested, that while he was on his way to your house he was knocked down and robbed?" There was no error in sustaining the objection to this question. The statement mentioned therein as having been made by appellant to the witness was clearly nothing but a mere narrative of a past occurrence, and for that reason was clearly inadmissible. [1 Greenleaf, Evidence (Lewis' Ed.), sec. 110; State v. Kelleher, 201 Mo. 614, 632, 100 S. W. 470.]

Appellant in his motion in arrest of judgment, which was overruled and exception saved, stated that the facts set forth in the information did not constitute a public offense. We must find this contention against the appellant also. That part of the information containing the charge is as follows:

"That Louis Athans, in the city of St. Louis, on the 2nd day of June, 1908, did unlawfully carry concealed about his person a certain deadly and dangerous weapon, to-wit: Revolver pistol loaded with gunpowder and leaden ball contrary to the form of the statute in such case made and provided, and against the peace and dignity of the state."

Substantially the same language has been approved by this court as following the language of the statute. [State v. Smith, 24 Mo. App. 413.] We hold the information, therefore, to be sufficient.

Having carefully examined the entire record and finding no error, the judgment is affirmed. *Reynolds, P. J.,* and *Nortoni, J.,* concur.