STATE of Missouri, Plaintiff-Respondent,

v.

Acey HAYNES, Defendant-Appellant.

No. 34641.

Missouri Court of Appeals,
St. Louis District,
Division One.

Dec. 19, 1972.

Lawrence O. Willbrand, St. Louis, for defendant-appellant.

John C. Danforth, Atty. Gen., David Robards, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

WEIER, Acting Presiding Judge.

Defendant was convicted of a violation of § 564.610, RSMo 1969, V.A.M.S., which prohibits the carrying of a concealed weapon. His appeal is directed to a claimed improper instruction. We affirm.

Defendant was a passenger in a car stopped by police because of speeding. When an officer approached the side where defendant passenger was seated, he observed defendant with his right hand in a cardboard box. Defendant withdrew his right hand and closed the top flaps of the box with his left. When defendant got out of the car the officer observed what appeared to be a shotgun barrel protruding from the rear of the box toward the seat. The officer opened the box and found a fully loaded, sawed-off, twelve gauge, automatic shotgun.

On appeal, defendant contends the trial court erred in submitting Instruction No. 1 to the jury because it failed to require that the jury find defendant intended to carry the weapon within easy reach and control.

That defendant carried the weapon within easy reach and control was a disputed fact controverted by defendant and the driver of the automobile. This was an essential element of the crime under the facts of this case. State v. Bordeaux, Mo., 337 S.W.2d 47, 48 [3]. It was properly hypothesized in the instruction, a copy of Instruction No. 13.10 of the Draft Pattern Criminal Instructions prepared by a special committee of the Missouri Bar. But the law does not require that intent to so carry be found by the jury. The intent required to sustain conviction goes to the concealment prohibited by § 564.610, supra. State v. Holbert, Mo., 416 S.W.2d 129, 132 [7]; State v. Carter, 259 Mo. 349, 168 S.W. 679, 681 [2]. It was therefore not error for the court to use this instruction which required a finding of intent as to concealment but not a finding of intent to carry the weapon within easy reach and control.

Accordingly, the judgment is affirmed.

CLEMENS and McMILLIAN, JJ., concur.