STATE of Missouri, Plaintiff-Respondent,

v.

Leandre JORDAN, Defendant-Appellant.

No. 34664.

Missouri Court of Appeals,
St. Louis District,
Division Two.

May 22. 1973.

John E. Bell, Public Defender Bureau, St. Louis, for defendant-appellant.

John C. Danforth, Atty. Gen., G. Michael O'Neal, Asst. Atty. Gen., Jefferson City, J. Brendan Ryan, Circuit Atty., W. Earl Jacobs, Asst. Circuit Atty., St. Louis, for plaintiff-respondent.

SIMEONE, Judge.

Defendant-appellant, Leandre Jordan, appeals from a judgment and conviction for the offense of carrying a concealed weapon. § 564.610, RSMo 1969.[1] He was sentenced to fifty days in the St. Louis Medium Security Institution by the jury upon an amended information which charged him with unlawfully and feloniously carrying concealed about his person a certain deadly and dangerous weapon. We reverse.

The facts are simple and are not in dispute. On August 14, 1971, at approximately 2:30 a. m., two officers of the St. Louis Metropolitan Police Department were patrolling in their marked police car in the 4200 block of Washington Avenue when they observed the appellant standing at the open trunk of his automobile holding a gun in one hand and a paper bag in the other. The officers went to the corner, made a U-turn and pulled up behind appellant's car. They saw appellant "put the gun in the paper bag and put it in the trunk of his auto" and slam the lid. The officers placed appellant under arrest for carrying a concealed weapon. They asked appellant to open the trunk; he did so with a pocketknife. In the center of the truck the officers found the sack containing the gun.

Prior to trial a motion to suppress was made but was overruled.

At the end of all the evidence appellant moved for judgment of acquittal on the ground that plaintiff "has failed to prove a cause of action as alleged by the information." The motion was overruled. The jury was instructed that if the defendant " . . . did unlawfully and feloniously carry concealed upon or about his person a certain deadly and dangerous weapon . . . ", then they would find the defendant guilty as charged in the amended information. The jury found the defendant guilty and assessed his punishment at "50 days medium security."

On this appeal appellant contends that the court erred in overruling the motion for judgment of acquittal because there was no evidence to show that he had carried a weapon concealed about his person within the meaning of the statute. The respondent contends otherwise.

In its brief the state concedes that there was no violation of the statute when the gun was in plain view, and grants the point that the statute does not apply "once the gun was locked in the trunk." But it contends that the defendant's act of holding the paper bag with the gun concealed inside did constitute the offense. "It is at this time, before the accused locked the trunk, that the pistol was concealed." Therefore, we are faced with the issue of whether under this evidence there was an offense under the statute.

[1, 2] In testing the sufficiency of the evidence in this criminal prosecution by a motion for judgment of acquittal, the facts in evidence and all favorable inferences reasonably to be drawn therefrom must be considered in the light most favorable to the state, and all evidence and inferences to the contrary must be disregarded. State v. Holmes, 434 S.W.2d 555 (Mo.1968); State v. Todd, 477 S.W.2d 725 (Mo.App. 1972); see cases collected in 9A Mo.Digest, Criminal Law, ▉ (1968); Supreme Court Rule 26.10, V.A.M.R.

§ 564.610, RSMo 1969, provides in pertinent part:

"If any person shall carry concealed upon or about his person a dangerous or deadly weapon of any kind or description, . . . he shall, upon conviction, be punished by imprisonment by the department of corrections for not more than five years, or by imprisonment in the county jail not less than fifty days nor more than one year, . . . "

Determining when an offense occurs under this section is not an easy task. A balancing of the public interests is required.

1. All references are to RSMo 1969, V.A.M.S., unless otherwise indicated.

Carrying a deadly and dangerous weapon is not always an offense, and not every "concealment" is an offense under the statute.

■ The main and sole purpose of § 564.610 is to break down the "pernicious and dangerous" habit of carrying concealed weapons to be used if it should become necessary, State v. Murray, 39 Mo.App. 127, 130 (1890), and to check and prevent, if possible, a practice which leads to woundings and injuries, State v. Hovis, 135 Mo.App. 544, 116 S.W. 6, 7 (1909). The evil aimed at and attempted to be corrected by the general assembly is a serious one, and the intent at which the statute is aimed is to prohibit the carrying of a deadly and dangerous weapon concealed upon or about the person. State v. Hovis, *supra*, 116 S.W. at 7. While the courts at first struggled with the question of motive or purpose for which the weapon was carried,[2] motive has since ceased to be material. State v. Hovis, *supra*, 116 S.W. at 7.[3]

■ The necessary elements of this offense are that the defendant must intentionally[4] carry the weapon concealed on or about his person. The test of "concealment" is whether the weapon is carried so as not to be discernible by ordinary observation. State v. Crone, 399 S.W.2d 19 (Mo.1966); State v. Bordeaux, 337 S.W.2d 47 (Mo.1960). And the test of whether the weapon is "on or about" the person is determined by whether the weapon is in such close proximity to the accused so as to be within his easy reach and convenient control. State v. Conley, 280 Mo. 21, 217 S.W. 29 (1919); State v. Mulconry, 270

S.W. 375 (Mo.1925); U. S. v. Nygard, 324 F.Supp. 863 (W.D.Mo.1971).

■ Intention is also an important element of the offense. In State v. Carter, *supra*, 168 S.W. at 681, the court stated that while motive or purpose would be no defense, the defendant, even though carrying the weapon concealed, ". . . would not be guilty of an offense under the statute, unless he *intended* to do the act which the statute prohibits, to wit, carry the weapon concealed." In order to satisfy the statute, therefore, there must be an intent to carry the weapon concealed. When there is proof of concealment on or about the person, there is an inference of intent from the commission of that act. State v. Conley, *supra*; State v. Mulconry, *supra*; State v. Crone, *supra*; State v. Holbert, 416 S.W.2d 129 (Mo.1967).

In State v. Holbert, *supra* at 133, the Supreme Court stated: "The cases which we have independently reviewed indicate that proof of the offense of carrying a concealed weapon . . . merely requires evidence of an intent to *conceal* the gun or to carry it concealed, and that this is presumed from a demonstrated concealment."

■■ Normally, the fact that the weapon is concealed is sufficient prima facie showing that the defendant intended to conceal the same, because from such proof it might well be inferred that he intended to do that which in fact he did do. State v. Carter, *supra*, 168 S.W. at 681; State v. Crone, *supra*, 399 S.W.2d at 21; State v. Mulconry, *supra*, 270 S.W. at 378. And when there is a contested issue of fact as

---

2. State v. Murray, 39 Mo.App. 127 (1890) —carrying a weapon for the purpose of shooting at a mark (innocent sport) with no intention to use it as a weapon. State v. Larkin, 24 Mo.App. 410 (1887)—carrying weapon as a mere article of merchandise. State v. Roberts, 39 Mo.App. 47 (1890)—carrying weapon as a messenger for purpose of returning it to owner.

3. "When the intent to carry a deadly weapon concealed about the person exists, and the act is not within some one of the exceptions . . . the defendant is guilty, and it is immaterial that his ulterior purpose or motive in carrying the weapon is innocent or harmless." State v. Hovis, *supra*, 116 S.W. at 7.

4. State v. Carter, 259 Mo. 349, 168 S.W. 679 (1914).

to concealment, and if concealed, whether the person intended it to be concealed, the matter of intent is for the jury to decide. State v. Carter, *supra*; State v. Rice, 490 S.W.2d 27 (Mo.1973). However, if the inference of intent to carry the weapon concealed is negated by the state's uncontradicted, clear and convincing evidence that there is no intent to carry the weapon concealed so that it is within easy reach and convenient control, or if it is clear from the state's evidence that the defendant did not intend to carry the weapon concealed, then the statute is not violated.

Under the uncontradicted facts here, there is no intent to "carry" the weapon "concealed" on or about the defendant's person. The evidence indicates that the defendant's conduct negated any intent to "carry" the weapon "concealed" about his person.

Under the facts, the almost simultaneous and continuous movement of placing the gun in the bag and then placing the bag containing the gun in the trunk and slamming the lid shows that there was no intent to "carry" the gun "concealed upon or about his person" as those terms are used within the meaning of § 564.610. The obvious intent was to place the gun in the trunk of the car rather than to carry the gun concealed upon or about his person. In that brief moment the weapon was concealed in the sack it was not concealed for the purpose of having it convenient for use because it was immediately placed in the trunk and the trunk lid was slammed shut. Therefore, the weapon was not within reach and convenient control of the defendant, or in such proximity so as to be conveniently accessible and within immediate physical reach. Under these circumstances, there was no intent to carry the gun concealed about the person, and hence the statute was not violated.

We do no violence to the statute or to any previous decision. We hold only that under the unusual and limited circumstances of this case we find no violation of

§ 564.610. We are bound by the statute as adopted by the representatives of the people, and by the prior decisions of our courts. And so bound, we do not believe that in these limited circumstances the statute prohibiting the carrying of a concealed weapon about the person of the defendant, as those terms have been interpreted, was violated.

The judgment is reversed.

SMITH, P. J., and KELLY, J., concur.