STATE of Missouri, Respondent,

v.

Newton TROUPE, Appellant.

No. 36586.

Missouri Court of Appeals,
St. Louis District,
Division Two.

Sept. 30, 1975.

John C. Danforth, Atty. Gen., Preston Dean, Clarence Thomas, Asst. Attys. Gen., Jefferson City, Brendan Ryan, Circuit Atty., Thomas C. Muldoon, Asst. Circuit Atty., St. Louis, for respondent.

Charles D. Kitchin, Public Defender, James C. Whitney, Asst. Public Defender, St. Louis, for appellant.

CLEMENS, Presiding Judge.

Defendant Newton Troupe was found guilty by a jury of carrying a concealed weapon (§ 564.610, RSMo 1969). The trial court sentenced defendant to three years' imprisonment upon proof of two previous felonies. He appeals.

The narrow issue here is defendant's contention by his sole Point Relied On: "The trial court erred in sustaining the prosecutor's objection to testimony of Rose Tillman regarding the robbery which was committed earlier against the appellant. This evidence was material on the issue of appellant's intent to commit the alleged offense." A brief statement of the evidence will suffice.

February 23, 1974 two patrolling St. Louis police officers heard gun shots fired from an alley. They drove up and encountered, stopped and frisked the defendant. From the hip pocket of defendant's trousers, underneath a jacket, the police took a partly loaded revolver. Defendant later testified he had been test firing the weapon and intended to buy it for his own protection.

Rose Tillman, a friend of defendant, testified for him. Defense counsel attempted to question her about a robbery and beating to which she and defendant had been subjected two weeks before the arrest. The trial court sustained the State's objection to this testimony over defense counsel's argument this testimony was material to the issue of defendant's intent.

Defendant concedes in argument here his "motive" in carrying the weapon concealed is irrelevant, but argues that evidence about previous assault was admissible to show his intent; that "intent" means the "design, resolve, or determination with which a person acts." This is merely a play on words. The argument intermingles two intents—the relevant intent to carry a deadly weapon concealed and the irrelevant intent to use the weapon for a lawful purpose.

Defendant's argument ignores the relevant intent, to carry the weapon concealed, and substitutes an irrelevant intent, future lawful use of the weapon. This distinction is deeply rooted in Missouri law.

Defendant's theory was negated in the early case of the *State v. Julian,* 25 Mo.App. 133 (1887), a concealed-weapon case where defendant contended he was with a posse looking for a fugitive desperado. In affirming conviction the court said "it is only when the act done is not intended to be the act which the law in fact forbids, that innocence of inténtent will furnish a sufficient defense . . . the defendant did, and at the same time intended to do, an act which is specifically forbidden by statute law."

The distinction is clearly marked in *State v. Hovis,* 135 Mo.App. 544, 116 S.W. 6 (1909), a concealed-weapon case, where the trial court refused to admit defendant's evidence he was carrying a pistol in his pocket with intent to shoot game in the woods. On appeal the trial court's exclusion of the proffered evidence was upheld, the court saying: "The intent at which the Legislature aimed the statute was the intent to do the act prohibited by the statute, namely, to carry a deadly weapon concealed upon or about the person . . . and we are not disposed to fritter this away by searching after the intent with which the party carried the weapon."

Later cases show it is still the law that in a concealed-weapon case the required element of intent concerns the intent to carry a deadly weapon concealed, not the intended use of the weapon. *State v. Haynes,* 489 S.W.2d 233 (Mo.App.1973); *State v. Jordan,* 495 S.W.2d 717[3, 4] (Mo. App.1973).

The trial court correctly excluded evidence of the previous assault on defendant.

Judgment affirmed.

KELLY and STEWART, JJ., concur.