No. 48,000

STATE OF KANSAS, *Appellee*, v. PAUL RICHARD LASSLEY, *Appellant*.

(545 P. 2d 379)

Opinion filed January 24, 1976.

*David C. Burns*, of Speir, Stroberg & Sizemore, of Newton, argued the cause, and *Michael S. Sizemore*, of the same firm, was with him on the brief for appellant.

*Ward P. Ferguson*, of Weelborg, Embers & Ferguson, of McPherson, argued the cause, and *Curt T. Schneider*, attorney general, was with him on the brief for appellee.

The opinion of the court was delivered by

FROMME, J.: This is a direct appeal by Paul Richard Lassley from a jury conviction on an aggravated weapons violation, *i. e.*, carrying a dangerous knife knowingly concealed on his person within five years following a previous felony conviction. (K. S. A. 21-4201 [1] [*b*] and 21-4202.)

On appeal the defendant argues that the knife was a tool of his trade and, although he carried it concealed under his jacket, he had no intention to use it as a weapon in violation of the above statutes. He further contends that the court's instructions failed to define the criminal intent necessary to support such a conviction.

The evidence introduced at the trial would indicate the following facts were proven to the satisfaction of the jury. On the evening of April 30, 1973, at 9:30 p. m., Wanda Brayton was walking home

from a bowling alley. She was a young lady about 15 years of age. She observed a man following her so she stopped in at the Tidy Laundry. After waiting several minutes she proceeded toward her home and angled across the street several times to stay in the light and away from dark areas. She felt she was still being followed so she stopped at another commercial place of business for several more minutes. Thereafter she walked to her home. Shortly after her arrival she received a call from a girl friend advising her that she had been followed. She called the police and waited. While waiting for the police she and her mother saw the defendant walk past her house.

The police arrived at 10:07 p. m. and questioned the defendant. They found a knife in a sheath being carried by the defendant under his jacket. The knife had a six inch blade. The girl friend who had called Wanda was present at the trial. She testified that while riding with her parents in a car they stopped at a stop sign. At that time she noticed a man trotting across a yard nearby. The man stopped and then ran north behind some bushes. She observed that defendant was wearing a green army jacket and that her friend Wanda was walking down the street less than a block away. The defendant was wearing a green army jacket when arrested.

The defendant and his attorney stipulated that defendant had been convicted and released from prison for a felony within five years prior to April 30, 1973, that an authenticated copy of the records from the Lansing prison could be admitted into evidence, and that the court should instruct the jury as to the evidence stipulated without showing the records of the prior conviction to the jury.

At the trial defendant testified that he was a construction worker for an electrical power line company. He stated that he used the knife while on the job to strip insulation from copper wire and for other work-related purposes. On the evening of his arrest he had neglected to remove the knife from his belt after completing the day's work. Shortly after work he checked some fishing lines which he had previously placed in a creek near the outskirts of the town. He was unaware at the time of his arrest of the presence of the knife under his jacket. Just previous to his arrest he had purchased an ice cream cone and was on his way home. A co-worker testified that knives, similar to the knife which the defendant wore under his jacket, were customarily used by such workers.

The co-worker did not remember this particular knife being used by defendant on the job that particular day.

K. S. A. 21-4201 in pertinent part provides:

"(1) Unlawful use of weapons is *knowingly:*

.    .    .    .    .    .    .    .    .    .    .    .    .    .    .

"(*b*) Carrying concealed on one's person, *or* possessing with intent to use the same unlawfully against another, a . . . dangerous knife . . . *Provided,* An ordinary pocket knife with no blade more than four (4) inches in length shall not be construed to be a dangerous knife, . . ." (Emphasis supplied.)

It should be noted that subsection (1) (*b*) of the foregoing statute is in the alternative. A person may be guilty of violating this statute, either by knowingly carrying concealed on his person a dangerous knife, or by knowingly possessing a dangerous knife with intent to use the same unlawfully against another. The defendant in the present case was charged and convicted under the first of the two alternatives, *i. e.,* knowingly carrying concealed on one's person a dangerous knife. Under the second of the two alternative proscriptions the dangerous knife need not be concealed but in that case an intent to use the dangerous knife unlawfully against another is required to be proven. Here concealment was charged and it must be proven but an intent to use the dangerous knife unlawfully does not appear to be required.

Under subsection (2) of the statute certain specified persons occupying designated positions are exempt from the provisions of the statute. The persons who are exempt and who may carry a dangerous knife concealed on their persons are law enforcement officers, wardens of prisons, members of the armed forces and their respective support personnel while engaged in their official duties.

There is no exemption in the statute which would apply to construction workers on electrical power lines. The defendant's work status does not bring him within any of the enumerated exemptions. The fact that he may have used the knife with a six inch blade to strip insulation from copper wire is no defense to the proscribed act of knowingly carrying the dangerous knife concealed on his person.

Under K. S. A. 21-4201 (1) (*b*) the intentional carrying of a concealed weapon, such as a dangerous knife, upon the person of the accused constitutes in itself a complete criminal offense, irrespective of the purpose or motive of the accused, unless the accused

occupies an exempt status expressly recognized in the statute. Generally it has been held that the criminal intent necessary to complete the crime is merely an intent to carry the weapon concealed on the person of the accused, and it does not depend upon a specific intent to use it unlawfully against another. The object of such a statute is not to forbid the carrying of a deadly weapon for use, but to prevent the opportunity and temptation for use which may arise from carrying it concealed on one's person. (94 C. J. S., Weapons, § 5, pp. 482, 483; 79 Am. Jur. 2d, Weapons and Firearms, § 15, p. 20.)

See also *Pueblo v. Sanders*, 151 Colo. 216, 376 P. 2d 996; *People v. Foster*, 32 Ill. App. 2d 462, 178 N. E. 2d 402; *State v. Hovis*, 135 Mo. App. 544, 116 S. W. 6.

In *State v. Jordan*, 495 S. W. 2d 717 (Mo. App. 1973), the Missouri court stated that intention is an indispensable element of the offense of carrying a concealed weapon. The court notes, however, that:

"Normally, the fact that the weapon is concealed is sufficient prima facie showing that the defendant intended to conceal the same, because from such proof it might well be inferred that he intended to do that which in fact he did do. [Citations omitted.] And when there is a contested issue of fact as to concealment, and if concealed, whether the person intended it to be concealed, the matter of intent is for the jury to decide. . . ." (pp. 720, 721.)

Here, however, the defendant did not contest the issue of concealment. The reasoning in *Jordan* is applicable in the present case. This court has held that when an unlawful act is proven it will be presumed that the act was willful, for a person is presumed to intend the natural and probable consequences of his voluntary and deliberate acts. (*State v. Pettay*, 216 Kan. 555, 532 P. 2d 1289, and *State v. Darling*, 208 Kan. 469, 493 P. 2d 216.)

In this case the evidence clearly establishes that defendant carried his knife concealed beneath his coat. From such evidence the jury might reasonably infer that defendant intentionally or knowingly concealed the knife. On appellate review this court will not overturn the decision of the jury where the facts and circumstances disclosed by the evidence support a reasonable inference of guilt.

Defendant next complains that the trial court erred in failing to submit a separate instruction to the jury defining criminal intent as an essential element of the aggravated weapons charge.

The instruction on the elements of the crime given by the court reads:

"The defendant is charged with the crime of aggravated weapons violation. The defendant pleads not guilty.

"To establish this charge each of the following claims must be proved:

"1. That the defendant knowingly carried concealed on his person a dangerous knife.

"2. That the defendant was released from imprisonment for a felony within five (5) years prior to the commission of such act; and

"3. That this act occurred on or about the 30th day of April, 1973, in McPherson County, Kansas."

Additionally the court instructed that:

"There is a presumption that a person intends all the natural and probable consequences of his voluntary acts. This presumption is overcome if you are persuaded by the evidence that the contrary is true."

Defendant correctly points out that the latter instruction pertains to the presumption of intent which is merely a rule of evidence and does not purport to require the jury to find general criminal intent as a necessary element of the crime. (See *State v. Clingerman,* 213 Kan. 525, 529, 516 P. 2d 1022.)

Criminal intent is made an essential element of the aggravated weapons charge by K. S. A. 21-3201. General criminal intent may be established by proof that the conduct of the accused person was willful. Willful conduct is conduct that is purposeful and intentional and not accidental. The term "knowingly" is included within the term "willful" as used in the Kansas Criminal Code. (K. S. A. 21-3201.)

The instructions in the present case required the state to prove that the defendant *knowingly* carried concealed on his person a dangerous knife. The requirement in the court's instructions, that to establish the charge it must be proved that defendant "knowingly" concealed the dangerous knife on his person, required proof that the conduct of the defendant was willful and therefore constituted the general criminal intent necessary under K. S. A. 21-3201.

When a defendant is charged under K. S. A. 21-4201 (1) (*b*), with carrying a concealed weapon, a separate instruction defining what constitutes general criminal intent is not necessary if an instruction on the elements of the crime requires the state to prove that the proscribed act was done willfully or knowingly. (See *State v. Guillen,* 218 Kan. 272, 543 P. 2d 934; *State v. Bright,* 218 Kan. 476, 543 P. 2d 928.)

In the present case the court gave an instruction enumerating the elements of the crime. This instruction required the state to

prove "that the defendant knowingly carried concealed on his person a dangerous knife." This adequately informed the jury of the general criminal intent necessary to prove such a charge.

The judgment is affirmed.