**STATE of Missouri,
Plaintiff–Respondent,**

v.

**Lennie GUICE, Defendant–Appellant.**

**No. 41115.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 9, 1980.

Rehearing Denied Nov. 14, 1980.

John Ashcroft, Atty. Gen., Paul M. Spinden, Asst. Atty. Gen., Jefferson City, for defendant–appellant.

Bell, Harris, Kirksey & Thomas, Allen I. Harris, St. Louis, for plaintiff–respondent.

GUNN, Judge.

After indictment in two counts, defendant was convicted of carrying a concealed weapon and acquitted of unlawful possession of a controlled substance–LSD. He appeals his fifty day sentence, raising the single issue that the state failed to prove the requisite intent of carrying a concealed weapon. We find no merit to his appeal and affirm the judgment.

While on patrol, a St. Louis police officer was stopped by a man claiming to have been threatened by an individual brandishing a knife. The incident had occurred in front of 4476 Chouteau Avenue, and the victim gave a complete description of his assailant who had run into an apartment building across the intersection at 4509 Chouteau. As the police officer approached the apartment building, the defendant emerged from it. Except for his clothing, defendant precisely matched the description

of the assailant. The police officer stopped the defendant who was carrying a paper bag in his hand. He was given a pat down search, and the police officer touched the paper bag and felt the outline of a gun in it. Opening the bag, the police officer saw a gun, which on later inspection was described as a fully loaded .38 caliber Smith and Wesson revolver. The victim, after confronting the defendant, identified him as the assailant. The defendant was then arrested and taken to a police station. The search at the station produced an opened packet of LSD found in defendant's wallet.

At trial defendant acknowledged carrying the fully loaded gun in the paper bag. He related that it had been a gift from an uncle and that he was planning to give it to his wife for her protection. His explanation of the LSD, while rather vague, was that it had been given to him by a friend to help him lose weight and that he did not know what it was.[1] The jury acquitted defendant of the drug possession charge but convicted him of carrying a concealed weapon.

In his appeal, defendant argues that the state failed to prove the requisite intent to carry a concealed weapon. He relies primarily on *State v. Jordan*, 495 S.W.2d 717 (Mo.App.1973), as support for his argument. *Jordan* offers no succor for him, for in that case the defendant in a single simultaneous act took a gun from one hand, placed it in a paper bag and threw the paper bag in an open car trunk which he immediately closed. The court found that there was no "carrying" of a weapon concealed on the defendant's person. And, indeed, in *Jordan* there was no carrying of a concealed weapon.

A substantially different situation exists in this case. The defendant here was seen walking with a paper bag in his hand. The bag contained a loaded gun. The gun was concealed from view. The defendant acknowledged knowing all of this; he knew that he was carrying a fully loaded weapon in the bag and that it was concealed from

view. It appears frivolous to suggest that all the requisite elements to support a concealed weapon charge under § 564.610, RSMo 1969[2] have not been manifestly established. Even *Jordan* states: "[w]hen there is proof of concealment on or about a person, there is an inference of intent from the commission of that act." *Id.* at 720. The concealment and carrying are acknowledged here.

*State v. Quinn*, 565 S.W.2d 665 (Mo.App. 1978)[3], specifically upheld a conviction of carrying a concealed weapon where a police officer felt a gun in a paper bag next to the defendant. In this respect the case *sub judice* is closely akin to *Quinn*. In fact, this case appears even stronger, as the defendant was carrying the weapon hidden within the bag and by his admission knew that he had it and intended to carry it in the manner he did, completely concealed from view.

Judgment affirmed.

DOWD, P. J., and REINHARD and CRIST, JJ., concur.

---

1. Defendant weighed 140 pounds. He was 5′ 5″ tall.

2. In the effect at the time of the offense.

3. *State v. Quinn*, contains a splendid treatment on the law of search and seizure.