## Hall v. Commonwealth.

October 8, 1948.
Rehearing denied January 14, 1949.

C. F. See, Jr. and Tilford & Wetherby for appellant.

A. E. Funk, Attorney General, Squire N. Williams, Jr., Assistant Attorney General, and Thomas S. Burchett for appellee.

OPINION OF THE COURT BY JUDGE LATIMER—Affirming.

Upon trial for the offense of carrying concealed a deadly weapon, appellant, Clarence L. Hall, was found guilty and sentenced to two years in the penitentiary. He appeals, insisting: (1) That the court erred in overruling his demurrer to the indictment; (2) in permitting incompetent evidence to go to the jury over his objection; and (3) in failure to sustain his motion for peremptory instruction.

The only argument advanced relative to the overruling of the demurrer to the indictment is merely the statement that it is the contention of the appellant that the court erred in so doing. We find no merit in this contention.

A perusal of the evidence introduced convinces us that if appellant is correct in his second alleged error, then the third objection is good, since it is obvious that without this allegedly incompetent evidence, there was not sufficient evidence to permit the cause to go to the jury. It follows, then, that the case hangs on whether or not this evidence was competent.

It appears that appellant and his wife had experienced some disturbance in their marital relations; that

for a short while previous to the time of the alleged offense herein the appellant and his wife had been living in Indiana; that at the time of the alleged offense she was at the home of her mother; and that appellant called there for the purpose of inducing her to return to Indiana with him. It is charged that while in the home of his mother-in-law the offense was committed.

Mrs. Millard Bolt, the mother-in-law; Lillian Bolt, sister-in-law; Charles Bolt, brother-in-law; and Virginia Hall, wife of the appellant, were the witnesses introduced by the Commonwealth. It appears that during a portion of the morning appellant carried a pistol. The evidence, according to all except Virginia Hall, shows that the pistol was visible at all times and was not concealed. However, the evidence of Virginia Hall, wife of appellant, was that he did carry the pistol in his pocket visible, but that when he put his coat on before leaving, the pistol was concealed. Thus, it will be seen that if the evidence of his wife is incompetent, the evidence is not sufficient to submit to the jury, and appellant was entitled to a peremptory instruction.

We, therefore, direct our attention to the testimony of Virginia Hall. When Virginia Hall was first introduced as a witness, appellant objected to her testifying in the case. The court at first sustained that objection but upon reconsideration overruled it and permitted the witness to testify. Appellant contends that under 606 of the Civil Code of Practice, the wife was an incompetent witness. He cites in support thereof Martin v. Commonwealth, 269 Ky. 688, 108 S. W. 2d 665. We need only call attention to the fact that the above case was decided before 1940, at which time Section 606(1), Civil Code of Practice, was amended so as to permit a husband and wife to testify as other witnesses.

In Mullins v. Commonwealth, 293 Ky. 572, 169 S. W. 2d 611, we held that Civil Code of Practice, sec. 606(1), will apply in a criminal as well as civil proceeding. True, neither husband nor wife can be compelled to testify for or against the other, but the refusal so to do is a prerogative of the witness. Appellant takes the position that such refusal is a right going to the person on trial, the husband in this case, and not to the wife, especially so since the crime was not committed against

her. In support of this contention he cites some foreign cases. The conclusion of the courts in the cited cases from these two foreign jurisdictions, following their own statutory provisions, is not applicable or conclusive in the light of our own enactments.

There is no indication here but that the testimony of the wife was entirely voluntary and that the facts testified were not peculiarly known to her because of the marriage relation since it was about matters which could have been, and, a portion of which, were seen and testified to by others. We, therefore, conclude that the court did not err in allowing the wife to testify.

There is yet another matter complained of in separate brief for appellant herein. It is contended that KRS 435.230 was not intended by the Legislature to be applicable to the state of case shown by this record. The position is taken that because it was known by all parties present that appellant had been carrying the pistol sticking out of his pocket where it could be plainly seen, the fact that he put his coat on, thereby concealing the pistol, did not constitute such concealment as was contemplated by the statute, since it was known that the pistol was on him, a fact not concealed.

It is contended that the purpose in enacting KRS 435.230 was to prohibit an armed person from misleading others into the belief that he was unarmed. We are not convinced with this argument since the statute merely denounces carrying concealed a deadly weapon. This must mean at any time or place, even on the man's own premises or in his own house. Commonwealth v. Puckett, 277 Ky. 131, 125 S. W. 2d 1011.

Consequently, the judgment is affirmed.