## WIGLESWORTH v. WRIGHT, Judge.

Court of Appeals of Kentucky.

June 23, 1954.

Draffen & Wickliffe, Errol Draffen, Harrodsburg, for complainant.

Robert F. Houlihan, William H. Townsend, Lexington, Ollie J. Bowen, Lawrenceburg, for intervenor Bettie Gilbert Wiglesworth.

MOREMEN, Justice.

This is an original action in this court upon complaint for Writ of Prohibition filed by William J. Wiglesworth in which he prays that an order issue to Hon. Coleman Wright, Judge of the Anderson Circuit Court, prohibiting him from entering an order refusing to grant complainant's motion that Betty Gilbert Wiglesworth be compelled to give her deposition as if under cross-examination in a divorce action pending between them.

In the divorce suit defendant, William Wiglesworth, filed motion to require the plaintiff, Betty Wiglesworth, to give her deposition as if under cross-examination, she having previously refused, on advice of her counsel, to answer questions propounded to her on a previous notice to take, which refusal was certified to the court. After a hearing on the motion, the court instructed counsel to prepare and submit an order overruling said motion, which was done. The court withheld entering the order until this court was given an opportunity to pass on the question involved.

In support of his complaint, appellant argues that he is entitled to take the deposition as if under cross-examination because: (a) by subsection (8) of section 606 of the

Civil Code of Practice, now section 421.210 of the Kentucky Revised Statutes, any party to an action has an absolute right to take the deposition of the adverse party; and (b) Rule 26.01 of the Rules of Civil Procedure provides that any party may take the deposition of any person, including the party, by oral examination or written interrogatories for the purpose of discovery or for use as evidence in the action or for both purposes.

In support of his first thesis, appellant cites the Kentucky cases of Western Union Telegraph Co. v. Williams, 129 Ky. 515, 112 S.W. 651, 19 L.R.A.,N.S., 409; Owensboro City Railway Co. v. Rowland, 152 Ky. 175, 153 S.W. 206; Sackstaeder v. Kast, 105 S.W. 435, 31 Ky.Law Rep. 1304; Johnson v. Langley, 247 Ky. 387, 57 S.W.2d 21; Louisville & Nashville Railroad Co. v. Miller, 44 S.W. 119, 19 Ky.Law Rep. 1665; Gowdy v. Gowdy, 230 Ky. 545, 20 S.W.2d 170; and urges with such earnestness that these cases support his proposition, we believe passing comment about them is required. We have concluded that no one of them is sufficient authority to support his position.

In the Western Union Telegraph Co. case the party asked for continuance because the adverse party had refused to subject himself to cross-examination under subsection (8) of section 606 of the Code, and it was insisted that if the adverse party, whose deposition the other party had sought to take, actually appeared at the trial and testified and subjected himself to cross-examination, the party who had sought to take his deposition could not properly complain. The court held, however, that the Code does not place any restriction upon the right of one party to take the deposition of the adverse party and that it gave the absolute right of one party to take the deposition of his opponent.

In the Owensboro City Railway Co. case, it was determined that in order for a party to be examined under section 606, the witness need not be one of those whose deposition may be read in an action as provided by the Civil Code of Practice, section 554.

The Sackstaeder case is authority only for the rule that by taking the deposition of an adverse party as if under cross-examination, one thereby does not make the deponent his witness.

In the Johnson case, it was held that depositions of parties taken pursuant to this section might be read in evidence at the trial even though the party who gave it was present and that section 554, which concerns depositions taken de bene esse, is not applicable to the depositions of parties taken under section 606. It is interesting to note in this case that the court made this observation: "There is no restriction in the Code on the use of his deposition on the trial *if he is a competent witness,* though he may be present." [247 Ky. 387, 57 S.W.2d 24.]

Section 606 is not discussed in the Louisville & Nashville Railroad case and it is authority only for the statement that testimony as to admissions made by a party as a witness on a former trial is substantive and competent testimony.

■ No one of the foregoing cases supports the proposition that the right to take testimony as if under cross-examination gives the right to take incompetent testimony or to force responses to questions concerning matters which are privileged under the law.

The Gowdy case is quite different from the foregoing because there a divorce action was involved. The grounds for divorce were cruel treatment. It was decided in the year 1929 when either party had the right to testify where such grounds were involved. Over the objection of the husband, the wife took his deposition. The court held that she had the right to take this deposition. If section 606 had not been amended since the date of that decision, it would have constituted a firm basis for appellant's position in this case. However, as pointed out in the response, changes in the statute render this case inoperative.

Prior to 1940, subsection (1) of section 606 provided that "Neither a husband nor his wife shall testify while the marriage exists or afterwards concerning any communication between them during marriage. Nor shall either of them testify against the other." Certain exceptions were provided; for instance, in cases involving cruel and inhuman treatment, the parties were permitted to testify. Under the statute, as then written, in all cases not covered by the exceptions, the testimony of the husband or wife was not permitted either for or against each other for any reason.

In the Gowdy case, it was held:

"The appellee called the appellant as a witness, and took his deposition as if under cross-examination. His exceptions to this deposition were overruled. He complains of this on the ground that the taking of his deposition, in this manner, was for the purpose of getting into the record incompetent evidence with which to obtain an undue advantage of him and to prejudice his rights. Under section 606 of the Civil Code, appellee had the right to take his deposition as if under cross-examination, and by doing so she waived his competency as a witness. As to this he has no legal ground of complaint."

Apparently this case holds that the opposing party may waive the incompetency of the testimony of the other (which seems to be an unusual application of the doctrine of waiver) but at the time this case was decided the statute did not give to either party the right to refuse to testify. Subsection (1) of section 606 was amended and reenacted in the year 1940 and its present form, as now found in subsection (1) of KRS 421.210, reads as follows:

"In all actions between husband and wife, or between either or both of them and another, either or both of them may testify as other witnesses, except as to confidential communications between them during marriage, provided, however, that in an action for absolute divorce or divorce from bed and board, either or both of them may testify concerning any matter involved in the action, including questions of property, *and provided further, that neither may be compelled to testify for or against the other.* (Subsection (1) amended, 1912, c. 104; 1926, c. 29; 1930, c. 21)"

▇ It may be seen that this amendment opened wide the range of testimony permitted in husband and wife cases, but in order to avoid what the ancient cases called "implacable dissension" between the spouses, a strict reservation was made that neither could be compelled to testify for or against the other. We have affirmed this rule in Coffey v. Commonwealth, Ky., 256 S.W.2d 379; and Hall v. Commonwealth, 309 Ky. 74, 215 S.W.2d 840.

It is true that subsection (8) of this same statute, KRS 421.210, formerly section 606, grants to the adverse party the right to take proof as if under cross-examination, but we find no implication in the statute, when read as a whole, that this right, when exercised, has the force to override or nullify all rules of law concerning relevancy, admissibility and competency of evidence, or to coerce that testimony which is privileged under the law.

We have remarked that subsection (1) grants a privilege to either the husband or the wife to refuse to testify for or against the other. Subsection (4) of the same statute makes communications privileged between attorneys and clients and confessions made to clergymen or priests under circumstances prescribed. In Clay on Kentucky Civil Rules, under the author's comments concerning CR 26.02, page 270, this is said:

"The Rule exempts privileged matter as a subject of examination. While the question may not be free from doubt, it appears that the privileged matter should be limited to communications and other matters which are excluded by the Constitution, by statute or these Rules. This would include the privilege from self-incrimination under Section 11, Kentucky Constitu-

tion. By virtue of KRS 421.210 (1) and (4) (formerly CC 606 (1) and (4)), witnesses are not required to testify with respect to: (1) confidential communications between husband and wife, (2) communications between attorney and client, and (3) confessions made to a clergyman or priest under the circumstances prescribed. The statutes do not classify as privileged communications between physician and patient, except as provided in KRS 213.200."

The cases cited thereunder amply support the proposition that privileged matter is not a proper subject for examination.

■ We, therefore, have found no difficulty in reconciling subsection (8) with the other subsections in the same statute nor in holding that the right to take a deposition must be interpreted in the light of the law concerning rules of evidence. We believe that since the rule as to communications between husband and wife has been changed since the date of the decision in the Gowdy case, it has no present authority.

In connection with complainant's contention that under Rule CR 26.01 he has the right to take the deposition of any person, we think it is sufficient to say that the above reasoning also applies to this Rule and that no privileged matter is the proper subject of examination in the taking of any type of deposition.

We believe this Rule will work no hardship on the parties because, as was pointed out by the learned chancellor:

"In holding that neither husband nor wife can compel the other to testify as if under cross-examination no right is accorded one party which is not given to the other and neither thereby gains any undue advantage or suffers any undue hardship or hardship at all in this respondent's humble opinion. In this case the complaint informs the defendant of the grounds for the divorce sought from him. Before the defendant is required to submit or take any proof the defendant will hear the plaintiff's testimony and that of her witnesses whose names and addresses will be given in advance in her notice to take depositions in compliance with Rule 30.01, Rules of Civil Procedure. In view of these facts, it is firmly believed that no irreparable injury or injustice can come to the defendant by reason of the respondent's ruling or decision on the motion involved in this proceeding."

We have had grave doubts concerning whether or not this case meets the technical requirements for the issuance of a Writ of Prohibition. During this period of transition from the old to the new methods of practice, we all have considerable doubts about correct procedure. We have decided to express our views. This case, however, shall not have authority for the proposition that every adverse ruling in a divorce case is grounds for a Writ of Prohibition.

The application for a Writ of Prohibition is denied.