The People of the State of Illinois, Plaintiff-Appellee,
v. Gordon Foster, Defendant-Appellant.

Gen. No. 61–M–15.

Fourth District.

November 9, 1961.

Rehearing denied December 13, 1961.

Morris A. Shenker, Bernard J. Mellman, of St. Louis, Missouri, for appellant.

Dick H. Mudge, Jr., State's Attorney, and Joseph R. Bartylak, Assistant State's Attorney, of Madison County, Edwardsville, for appellee.

CULBERTSON, J.

Defendant, Gordon Foster, was indicted and tried in the Circuit Court of Madison County for a violation

of paragraph 155 of Chapter 38 of the Illinois Revised Statutes of 1959, which provides, "No person shall carry concealed on or about his person a pistol, revolver or other firearm . . ." The case was heard before a jury and the defendant was found guilty and sentenced to pay a fine of $300 and to imprisonment for 30 days. Defendant appeals from this judgment setting forth as his grounds, that the evidence did not show that the weapon in question was concealed on or about his person; that the question of intent was not properly presented to the jury; that the People's first instruction improperly assumed a fact that was in issue; that his instruction on defense of property was wrongly refused; and finally that there was improper argument.

Two policemen answered a call at 3:20 a. m. on Louis Road in Collinsville, Illinois, on February 8, 1960. They testified that upon arriving at the scene, which was a drive-in restaurant closed for the evening, they saw a car parked near the door of the restaurant. Officer Self, one of the officers, went around the rear of the building and the other Officer Froncheck, approached the parked car from the back. Seeing a man in the front seat about three-quarters of the way from the left door, Officer Froncheck ordered him out of the car. As the man alighted from the car the officer observed a gun in his hand which he dropped on the seat. The man in the car then identified himself as Gordon Foster, the defendant in this case. Upon the return of Officer Self, Officer Froncheck searched the front seat of the car by leaning through the window and he found the .32 caliber pistol which the defendant had dropped. He also found located about three-quarters of the way from the left door in the front seat, an athletic type zipper bag with the zipper closed. Upon opening the bag he found a .38 caliber pistol laying on top of a quantity of money. He re-

464

moved the bag from the car and Officer Self also saw the .38 pistol in the zipper bag. The defendant testified that the .38 caliber pistol was not in the bag but was placed on the seat beside the bag and this appears to be the only conflicting question of fact. The defendant further testified that both of the guns were his and he knew on the evening of February 8, 1960, that they were in the car.

Defendant was indicted on two counts, Count 1 for unlawfully carrying concealed on or about his person a .32 caliber pistol, and Count 2 for wilfully carrying concealed on or about his person a .38 caliber pistol. Count 1 as to the .32 pistol was dismissed at the close of the case and the conviction was under Count 2, carrying the .38 pistol.

It is the defendant's first contention that assuming the .38 pistol was inside his zipper bag beside him on the seat, it was not concealed on or about his person. One of the first Illinois cases to consider this question was People v. Niemoth, 322 Ill 51, 152 NE 537. After reviewing a number of cases from other jurisdictions, the court in the Niemoth case said, "Before there can be a conviction under the statute prohibiting the carrying of firearms concealed on or about the person there must be proof that the firearm is carried in such a manner as to give no notice of its presence and in such proximity of the accused as to be within his easy reach and under his control." The Court went on to hold that a loaded Winchester automatic shotgun on the floor of the back seat, where the defendant was in the front seat, was not concealed on or about his person. The test set forth in this case has been carried down into a number of later Illinois cases. The Court in the Niemoth case, although holding that the weapon was not concealed on or about the person of the defendant, was careful in pointing out that the weapon need not be located on the body

of the defendant, but instead, close proximity to his person would be enough. The placement of the weapon in the Niemoth case, being on the floor in the back seat, differs greatly from the location of the pistol here, where it was beside the defendant.

The later case of People v. Liss, 406 Ill 419, 94 NE 2d 320, further developed the rule for determining whether a weapon is concealed on or about the person. In the Liss case, the pistol was found under the front seat. The Court, after reviewing the previous Illinois cases, set forth the test for conviction under the Statute to be, ". . . that there must be concealment of the weapon and it must be on or about the person; and it must be so placed that it may be used without appreciable change in the position of the owner." The court in applying this test to the facts in the Liss case felt, ". . . it is impossible to reach a pistol under a front seat of a car without changing position at the wheel, and it is also necessary to bend forward to reach under the seat." The court in the Liss case also laid some importance to the fact that the defendant denied ownership of the car and any knowledge that the gun was in the car, neither of which was proved by the People. It is important to note that the facts of the Liss case differ from this case in several respects. First, the pistol in the Liss case was located under the front seat, requiring the defendant to bend over and feel around until he came upon the gun, while here the gun was right beside the defendant. Second, in the Liss case the defendant was driving the car while here the defendant's car was standing still. Finally, in the Liss case there was a question as to the defendant's knowledge of the gun being in the car while here the defendant admitted that the gun was his and that he knew it was in the car.

People v. McClendon, 23 Ill App2d 10, 161 NE2d 584, further set forth the test established by these earlier Illinois cases. In the McClendon case a loaded revolver was found under the front seat of a car wrapped in a towel. After setting forth that, "The Illinois rule is that the weapon must be in such proximity of the accused as to be within his easy reach and under his control . . . and must be sufficiently close to the person to be readily accessible for immediate use . . ." The court concluded that the revolver was not on or about the person. The difference between the location of the pistol and its accessibility in the McClendon case and the present case is obvious.

■ ■ We conclude from applying the Illinois rule as set forth in the above cases, that the .38 pistol in the case at bar was concealed on or about the person of the defendant, in violation of the statute. Breaking down the elements necessary to show a violation of the statute we find that under the Illinois rule there are two. First, the weapon must be concealed. There can be little question that if the gun was in the zipper bag, it was concealed. The second requirement is that the weapon must be on or about the person. To be on or about the person two conditions must be met. First, the weapon must be located either on the person or in such close proximity that it can be reached without a material or appreciable change in his position. Second, once the defendant reaches to where the weapon is located, the weapon must be readily accessible. The evidence here discloses that the defendant was sitting virtually beside the zipper case, as the officer testified that both the defendant and the bag were three-quarters of the way from the left front door. It would require no movement of the defendant, other than that of his arm, to reach to where the pistol was located, and this is not a material or appreciable

467

change of position by the defendant. Thus the first condition is satisfied. The only circumstance here which would in any way affect the accessibility of the pistol is the fact that it was in a zipper bag with the zipper closed. Does the fact that the gun was zipped up in a bag beside the defendant render it unaccessible, thus failing to satisfy the second condition? We think not. It would require no more movement or manipulation on the part of the defendant to unzip the bag with a zipper shown by the evidence to be eighteen inches long, than it would to unzip a jacket if worn by the defendant. Surely if the gun were found in an inside jacket pocket of the defendant, the mere fact the jacket was zipped up would not be enough to excuse the defendant from violation of the statute. The defendant could have reached the gun by unzipping the bag just as easily as he could have reached it from an inside pocket of a zipped up jacket. Thus, the second condition of the test is satisfied.

■ ■ Defendant also contends that an essential element of the People's case was lacking in proof, namely, the defendant's intention to conceal the weapon. The defendant contends that this intent element was lacking in People's instructions and that the defendant's instruction on the intent element was improperly refused. The only intent required to be shown to sustain a conviction for violation of this statute is that the defendant intended to place the weapon where it was placed. This was shown, as the defendant testified that he knew the gun was in the car. There is nothing requiring a showing that the defendant placed the gun in the bag specifically intending to conceal it in violation of the statute. This is not the type of crime requiring a specific intent, but rather it is a police power type of statute similar to the statute in People v. Fernow, 286 Ill 627, 122 NE

468

155. That case involved a statute prohibiting any person from possessing a motor vehicle from which the serial numbers had been removed. In sustaining the conviction under the statute the court dealt with the question of intent and concluded, "At common law a crime consisted of an unlawful act with evil intent, and in crimes created by statute a specific intent may be required so that the intent and act may constitute the crime, and in such cases the intent must be alleged and proved. Where a specific intent is not an element of the crime it is not always necessary that a criminal intent should exist. In the exercise of the police power for the protection of the public the performance of a specified act may constitute the crime regardless of either knowledge or intent, both of which are immaterial on the question of guilt. For the effective protection of the public the burden is placed upon the individual of ascertaining at his peril whether his act is prohibited by criminal statute." We believe the statute involved here is similar in that it does not require the proof of any specific intent to conceal the weapon, and the instructions given correctly set this out.

■ Defendant also contends that the People's first instruction wrongly assumed the pistol was concealed in the zipper bag, when actually there was conflicting testimony on the question of the location of the .38 pistol. We have reviewed the first instruction and find no reference to the fact that the gun was in the zipper bag but rather, considered with People's instruction number 2, the two instructions merely define the crime in the language of the statute. Also, defendant's instruction number 3 clearly sets out that if the weapon was in plain view to anyone looking in at or about the person of the defendant then such weapon was not concealed and the jury was instructed to find

469

the defendant not guilty. Considering all of the instructions the question of the location of the .38 pistol was properly left open for the jury to determine.

■ Defendant contends there was error in refusing his instruction that if the pistol was carried for protection of his property this would be a defense. There was no evidence shown at the trial as to why the defendant was carrying the pistol, and such an instruction was properly refused.

■ Finally, defendant contends that there were improper remarks by the People's attorney. We have reviewed these statements and find nothing in them that would prejudice the defendant in the eyes of the jury to such an extent as to amount to reversible error. The defendant further contends that there was error committed when the People's attorney referred in his argument to the .32 caliber pistol, since the indictment for concealing this weapon was dismissed. The remarks of the People's attorney concerning the .32 pistol did not in any way relate to the dismissed Count 1 but merely referred to the fact that there was another pistol. Reference to the other pistol could in no way affect the jury's decision on the .38 pistol as there was no attempt to link the two together as one act or one violation of the statute.

For the reasons indicated, the judgment of the Circuit Court of Madison County is affirmed.

Judgment affirmed.

HOFFMAN, P. J. and SCHEINEMAN, J., concur.