**Sally MILLER, Appellant,**

v.

**Jeffie D. CARTER, Appellee.**

Court of Appeals of Kentucky.

Sept. 14, 1973.

Rehearing Denied Nov. 23, 1973.

---

J. L. Richardson, Jr., J. L. Richardson, III, Richardson & Richardson, I. G. Spencer, Jr., Louisville, for appellant.

James G. Bowman, Hogan, Taylor, Denzer & Bennett, Louisville, for appellee.

GARDNER, Commissioner.

Pursuant to a jury verdict in this intersection-accident case, Sally Miller, appellant, was denied recovery for personal injuries. We reverse.

Appellant's husband attempted to invoke the privilege of not testifying, when called by appellee, as provided by KRS 421.-210(1), which is as follows:

> "In all actions between husband and wife, or between either or both of them and another, either or both of them may testify as other witnesses, except as to confidential communications between them during marriage, provided, however, that in an action for absolute divorce or divorce from bed and board, either or both of them may testify concerning any matter involved in the action, including questions of property, and provided further, that neither may be compelled to testify for or against the other."

The court compelled him to testify.

█ We have repeatedly stated that neither the husband nor the wife can be compelled to testify for or against the other, but the refusal to do so is a prerogative of the witness. Wigelsworth v. Wright, Ky., 269 S.W.2d 263 (1954); Coffey v. Com-

*monwealth*, Ky., 256 S.W.2d 379 (1953); Hall v. Commonwealth, 309 Ky. 74, 215 S. W.2d 840 (1949).[1]

In arguing for the correctness of the court's ruling, appellee asserts that it is only in the event of evidence "privileged under the law" that a party (regardless of marital status) cannot be compelled to testify. We believe this is a constrained construction and does not accord with our prior decisions nor with the plain statutory phrase " * * * and provided further, that neither may be compelled to testify for or against the other."

Since the husband testified to important facts adverse to his wife, appellee cannot successfully argue that the error was harmless.

The judgment is reversed.

PALMORE, C. J., and JONES, OSBORNE, REED, STEINFELD and STEPHENSON, JJ., sitting.

All concur.

1. Statutes of a majority of the states provide that a spouse cannot be compelled to testify against the other. A resume of the statutes is set out in Wigmore on Evidence, Vol. II, Third Edition, § 488. See also McCormick, Evidence, § 66, footnote 3. The federal rule is found in Peek v. United States, 9 Cir., 321 F.2d 934 (1963), wherein it is stated, "What remains is the rule that a husband or wife cannot be *compelled* to testify *against* his or her spouse, and cannot be *permitted* to do so unless the other spouse consents. This rule is one of privilege, and the privilege *may be waived.*"