Frederick DeVaughne WASHINGTON, Appellant,

v.

The STATE of Texas, Appellee.

No. 49319.

Court of Criminal Appeals of Texas.

Jan. 29, 1975.

Pat Campbell, Lubbock, for appellant.

Alton R. Griffin, Dist. Atty., Richard Palmer, Asst. Dist. Atty., Lubbock, Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

Appeal is taken from a conviction for aggravated robbery.[1] Punishment was assessed by the jury at twenty-five years.

At the outset, appellant contends that the trial court erred in overruling his motion to suppress, urging that his arrest and the subsequent seizure of evidence were unlawful.

The record reflects that Ruth Plunkett, an employee of Preston's Milk Store on 34th Street and Avenue J, Lubbock, was robbed of about $115.00 at "10:15 or 10:20" on the night of January 29, 1974. According to Plunkett, two men entered the store, asked for a package of "Kools" and, after Plunkett got the cigarettes from the wall behind her and turned "back around," one of the men pointed a knife

---

1. The court reporter is commended for the excellent manner in which he has prepared the transcription of his notes. The index reflects the names of the witnesses and the page in the record where direct, cross, redirect, and recross examination begin, along with the name of counsel conducting the examination. The index is prepared in such a manner as to enable the reader to immediately locate announcements of ready, court's remarks to jury panel, voir dire examination, jury selected and sworn, court's remarks to jury, indictment read, defendant's plea of not guilty, rule invoked, defendant's motion for instructed verdict, court's independent findings, charge read to jury, summation of counsel, jury deliberation, verdict of jury at the guilt stage of the trial. The punishment and sentencing stages of the trial are equally well indexed.

An example of the index to exhibits is as follows:

"EXHIBITS

| "NUMBER | DESCRIPTION | MRK'D | OFFR'D | REC'D | SHOWN |
|---|---|---|---|---|---|
| *** | *** | *** | *** | *** | *** |
| "S–3 | Certified Copy of Judgment in Cause No. 13112 | 93 | 94 | 95 | 116" |

In that portion of the record which reflects the testimony of the witnesses, each page shows the name of the witness and whether it is direct, cross, redirect, or recross examination. A well-prepared record is time-saving and beneficial to the reviewing Court. See footnote #1 in Yates v. State, Tex.Cr.App., 509 S.W. 2d 600.

"right close to my stomach" and asked for all the bills in the register. Plunkett described the denominations of the money taken as "one 20, about four 10's, four or five 5's and about 25 or 30 1's."

The two men ran from the store, almost running in front of a vehicle occupied by Leroy and Sue Dennis. To avoid hitting one of the men, Leroy Dennis had to "slow down" the vehicle he was driving. The Dennises observed that the two men "jumped" in a car "real quick." A third man was the driver of the vehicle, and they noted that he was wearing "one of those big hats" that had "a big wide brim and it had a wide band on it." The Dennises observed that the vehicle "was about a '63 Lincoln," wrote down the license number of the car and, as a result of the circumstances they observed, they went to the store.

Bennie Ussery was the first officer to arrive at the scene, and he made a police radio broadcast "that a green Lincoln, license number 659 left from the store going east at a high rate of speed." Ussery arrived at the store at about 10:20 p. m., and about five minutes after arrival made the report on the police radio.

Officer O'Haver was en route to the store when he received a radio report giving a description of the getaway car. O'Haver immediately recognized that the described vehicle belonged to appellant and proceeded to 4208 East 64th Street, because "I knew where the car stayed and who owned it." After arriving at this address, O'Haver "observed a car coming meeting me from the east end of the same block and this car got close enough that I could see the license number was the same as the car I was hunting. . . ." O'Haver identified appellant as the driver of the vehicle and noted that he was wearing a "black floppy hat with a white and black silk band around it." The Lincoln "pulled up right even" with O'Haver and stopped. O'Haver arrested appellant and his two companions. One of appellant's

companions "tried to get away," but by this time other officers had arrived at the scene and a deputy sheriff "caught him and brought him back." A search of appellant's vehicle revealed a butcher knife located under the right front seat. Money was found "on the ground right by the front door on the right hand side" of appellant's automobile. The number of bills found and their denominations corresponded to those taken in the robbery. O'Haver estimated that in less than five minutes after he heard the broadcast giving the description of the getaway vehicle he had arrested appellant and his companions.

■ In order for a warrantless arrest or search to be justified, the State must show the existence of probable cause at the time the arrest or search was made and the existence of circumstances which made the procuring of a warrant impracticable. Brown v. State, Tex.Cr.App., 481 S.W.2d 106, and cases cited therein.

■ Officer O'Haver had not acquired probable cause on his own, but was acting upon the strength of the radio broadcast made by Officer Ussery. The test for probable cause in such cases is the information known to the officer who made the broadcast. Colston v. State, Tex.Cr.App., 511 S.W.2d 10; Piper v. State, 484 S.W.2d 776; Branch v. State, Tex.Cr.App., 447 S. W.2d 932. Unlike Colston v. State, supra, Officer Ussery, who made the police broadcast, was at the scene of the robbery shortly after it occurred and testified at the trial. After making an investigation which included talking to witnesses, he placed on the police radio information as to the make, color and license number of the getaway vehicle, and reported that the vehicle was "going east at a high rate of speed." Within five minutes from the time of this broadcast, O'Haver spotted the described vehicle and arrested appellant and his companions.

■ Based upon the information he had received on the radio, O'Haver had

probable cause to arrest appellant, and the factual situation confronting the officer established exigent circumstances dispensing with the necessity of obtaining a warrant in effecting such arrest. Article 14.-04, Vernon's Ann.C.C.P.; Breedlove v. State, Tex.Cr.App., 470 S.W.2d 880; Hooper v. State, 516 S.W.2d 941 (1974); Merriweather v. State, Tex.Cr.App., 501 S.W.2d 887; Brown v. State, Tex.Cr.App., 443 S.W.2d 261; Green v. State, Tex.Cr. App., 470 S.W.2d 901. The evidence seized as a result of the arrest was admissible into evidence at the trial.

■ Appellant contends that the evidence is insufficient to support the conviction.

Appellant points to the inability of any witness to identify appellant at the scene of the crime.

In Bonner v. State, Tex.Cr.App., 492 S.W.2d 498, this Court held that the evidence was sufficient to support the conviction where appellant was in unexplained possession of money in the exact amount which had been taken by the robber, and the victim's watch was found in the vehicle in which appellant was a passenger. In Batiste v. State, Tex.Cr.App., 464 S.W.2d 149, it was said:

> "Under the circumstances of this case, where a robbery has occurred at a location near the arrest and very close to the time of the arrest, and where the victim is unable to identify the robber, appellant's unexplained possession of the victim's eyeglasses at the time of his arrest is sufficient to sustain his conviction for robbery by assault."

In the instant case, three men were placed in the getaway car near the store where the robbery occurred; the car bore the description and license plate number of a vehicle belonging to appellant; the driver of the vehicle was observed wearing a hat similar in description to the one appellant was wearing when he was arrested;

appellant and two other men were arrested a few minutes after the robbery in a car which had been observed at the scene; money was found on the ground near the door of appellant's vehicle in the amount and denominations taken in the robbery; a knife was used in the robbery and, in the search of appellant's vehicle, a knife was found under the front seat.

The court charged the jury on the law of circumstantial evidence. We find that the evidence disproves every outstanding reasonable hypothesis except that of guilt of appellant, and conclude that the evidence was sufficient to support the conviction.

The judgment is affirmed.

Opinion approved by the Court.