# CITY OF KODIAK, Appellant,

v.

## Dell JACKSON and Michael Howard, Appellees.

No. 3480.

Supreme Court of Alaska.

Oct. 6, 1978.

Michael W. Sharon, Cole, Hartig, Rhodes, Norman & Mahoney, Kodiak, for appellant.

Sue Ellen Tatter, Asst. Public Defender, Brian Shortell, Public Defender, Anchorage, for appellees.

Before BOOCHEVER, C. J., and RABINOWITZ, CONNOR, BURKE and MATTHEWS, JJ.

## OPINION

BURKE, Justice.

In this appeal we must decide whether the City of Kodiak is prohibited by the state constitution from enforcing an ordinance requiring one to serve a mandatory minimum sentence of imprisonment upon conviction of assault against a police officer. We conclude that the ordinance is unenforceable to the extent that it requires the imposition and execution of mandatory minimum sentences.

In November of 1976, following a fight at a bar in Kodiak, criminal complaints were

issued against appellees Dell Jackson and Michael Howard charging them with violations of a City of Kodiak ordinance, KCC 8.12.030. That ordinance makes it a misdemeanor for one to commit an assault upon a police officer while he is in performance of his duties and provides that, upon conviction, one is punishable by a fine of not less than $100 and imprisonment for not less than ten days. The ordinance further provides:

> The execution of sentence may not be suspended nor may probation or parole be granted until the minimum imprisonment provided in this section has been served, nor may imposition of sentence be suspended, except upon the condition that the defendant be imprisoned for no less than the minimum period provided in this section.

Appellees Howard and Jackson moved to dismiss the complaints on the ground that KCC 8.12.030 was invalid because it provided for a mandatory minimum sentence contrary to the provisions of AS 12.55.080—AS 12.55.085, which permit the trial courts in this state to suspend in whole or in part execution or imposition of a sentence. Finding that the ordinance was in irreconcilable conflict with state law, the district magistrate dismissed both complaints. Upon the City of Kodiak's appeal to the superior court, the decision of the district magistrate was affirmed.

In its Memorandum Opinion the superior court failed to address one issue raised by the city, namely: whether the ordinance was otherwise unenforceable. Upon the city's request for clarification, the court filed a supplemental memorandum stating in part:

> [T]he Court finds that the proscriptive provision of the ordinance outlawing assault and battery on a police officer is so independent and complete in itself that it is not necessarily tied to a mandatory minimum provision and, therefore, it was error to invalidate the entire ordinance.

Thus, the superior court did not affirm the district magistrate's ruling in its entirety, but only that part holding that the mandatory minimum sentence requirements of the ordinance were invalid. It is clear that the court intended to reverse that part of the ruling ordering the complaint's dismissal.

Following the action by the superior court, the City of Kodiak filed timely notice of its intention to appeal to this court. Appellees, apparently satisfied with the decision of the superior court, have not cross-appealed from that court's ruling that the provisions of the ordinance were severable. Thus, we will not address the latter issue.[1]

The City of Kodiak is a home rule city. As such, it has been granted a broad range of powers by the state constitution. Art. X, § 11 of the Constitution of Alaska provides that "[a] home rule borough or city may exercise all legislative powers not prohibited by law or by charter." Art. X, § 1 further states that "[a] liberal construction shall be given to the powers of local government units."

Where it is asserted that a municipal ordinance is invalid under state law, we have applied the following test in determining its validity:

> A municipal ordinance is not necessarily invalid in Alaska because it is inconsistent or in conflict with a state statute. The question rests on whether the exercise of authority has been prohibited to municipalities. The prohibition must be either by express terms or by implication such as where the statute and ordinance are so substantially irreconcilable that one cannot be given its substantive effect if the other is to be accorded the weight of law.

*Jefferson v. State*, 527 P.2d 37, 43 (Alaska 1974). *Accord, DeHusson v. City of Anchorage*, 583 P.2d 791 (Alaska 1978); *Johnson v. City of Fairbanks*, 583 P.2d 181 (Alaska 1978); *Area Dispatch, Inc. v. City of Anchorage*, 544 P.2d 1024, 1025 (Alaska 1976). The question in the instant case, therefore, is whether state law expressly or

---

1. The fact that we mention this issue should not be interpreted to mean that we believe that

it might have merit if it had been made the subject of a cross-appeal.

impliedly prohibits the City of Kodiak from enacting an ordinance providing for a mandatory minimum sentence.

■ In 1965, AS 12.55.080 [2] and AS 12.55.085 [3] were enacted in their present form. Under AS 12.55.080, a trial judge "when satisfied that the ends of justice and the best interest of the public as well as the defendant will be served thereby, may suspend the imposition or execution or balance of the sentence or a portion thereof, and place the defendant on probation . . ." AS 12.55.085 provides in greater detail for suspension of the imposition of sentence "[i]f it appears that there are circumstances in mitigation of the punishment, or that the ends of justice will be served . . . ." It is appellees' contention that these statutes establish a strong state policy in favor of judicial discretion in sentencing and that under AS 12.85.010 [4] such discretion is vested in all courts of this state. Citing our decision in *Speas v. State*, 511 P.2d 130 (Alaska 1973),[5] appellees also assert that state policy specifically disfavors mandatory minimum sentences. Thus, they maintain that the sentencing provision of KCC 8.12.030 is in direct conflict with state law and cannot stand. We agree.

■ The mandatory aspects of the sentencing provisions of KCC 8.12.030 are, we believe, irreconcilable with AS 12.55.080–AS 12.55.085, in that the former "cannot be given its substantive effect if the [latter are] to be accorded the weight of law." Such being the case, the courts below correctly concluded that the City of Kodiak was prohibited by Art. X, § 11, from requiring the imposition and execution of mandatory minimum sentences for violations of the ordinance.[6] *Jefferson v. State, supra.*

2. AS 12.55.080 provides:
   *Suspension of Sentence and Probation.* Upon entering a judgment of conviction of a crime, or any time within 60 days from the date of entry of that judgment of conviction, a court, when satisfied that the ends of justice and the best interest of the public as well as the defendant will be served thereby, may suspend the imposition or execution or balance of the sentence or a portion thereof, and place the defendant on probation for a period and upon the terms and conditions as the court considers best.

3. AS 12.55.085 provides in part:
   *Suspending Imposition of Sentence.* (a) If it appears that there are circumstances in mitigation of the punishment, or that the ends of justice will be served, the court may, in its discretion, suspend the imposition of sentence and may direct that the suspension continue for a period of time, not exceeding the maximum term of sentence which may be imposed, and upon the terms and conditions which the court determines, and shall place the person on probation, under the charge and supervision of the probation officer of the court during the suspension.

4. AS 12.85.010 provides in part:
   The provisions of this title [The Alaska Code of Criminal Procedure] *apply to all criminal actions and proceedings in all courts* except where specific provision is otherwise made or where the Rules of Criminal Procedure adopted by the supreme court under its constitutional authority apply. [Emphasis added].
   We explicitly reject the city's argument that this section applies only to proceedings involv-

ing alleged violations of state law. It applies with equal force where, as here, the alleged violation concerns a municipal ordinance.

5. In *Speas*, the appellant had been given a two-year sentence for illegal use of morphine pursuant to the mandatory minimum sentence provision in AS 17.10.200(d). That provision, which was part of Chapter 10 of Title 17, had been enacted in 1961. Subsequently, the legislature enacted AS 12.55.080 and AS 12.55.085. It had also enacted Chapter 12 of Title 17, which did not provide for mandatory minimum sentences and which specifically gave trial courts broad discretion in sentencing. In some instances, Chapter 12 covered the same offenses as those listed in Chapter 10 and thus one convicted of an offense under Chapter 10 would be given a mandatory minimum sentence while one convicted of the same offense under Chapter 12 would not. We held that the mandatory minimum sentence provision of AS 17.10.200(d) had been implicitly repealed by the subsequent statutes which evidenced a manifest legislative intent to vest the trial courts with discretion in sentencing in general and particularly in the area of drug-related offenses.
   *Speas* is clearly distinguishable from the case at bar. Thus we do not find it dispositive here except insofar as it recognizes that state policy disfavors mandatory minimum sentences.

6. We note that subsequent to the enactment of AS 12.55.080 and AS 12.55.085, the state legislature itself has enacted criminal statutes providing for mandatory minimum sentences following conviction of certain traffic offenses. *See, e. g.,* AS 28.15.300; AS 28.35.030. The

██ One matter merits further comment. As we have already noted, the superior court clearly intended to reverse the district magistrate's order of dismissal, on the ground that the mandatory minimum sentence provisions of KCC 8.12.030 are severable from its other provisions. However, that court's opinion failed to expressly mandate the intended result. For that reason, we feel compelled to specifically indicate that the effect of our holding here will be to cause this matter to be remanded to the superior court for entry of an order directing the district magistrate to vacate her order of dismissal.[7]

AFFIRMED and REMANDED for further proceedings consistent with this opinion.

city argues that such action indicates the state legislature's recognition that certain offenses require mandatory minimum sentences and that, therefore, KCC 8.12.030 does not conflict with state law. The fact that the state itself has the power to enact specific exceptions to AS 12.55.080 and As 12.55.085, fails to convince us that a home rule city possesses the same power. Thus, we reject the city's argument.

7. Under the superior court's ruling, which we now affirm, the fact that the mandatory minimum sentence requirements of KCC 8.12.030 are unenforceable does not mean that one who violates the ordinance cannot be otherwise charged, convicted and sentenced thereunder. *See Speas v. State, supra.* It simply means that in sentencing the violator the court is not bound by the requirement of the ordinance that he serve a minimum term of imprisonment, but, instead, is free to exercise its discretion according to AS 12.55.080–AS 12.55.085.