**Robert Dale WRIGHT, Appellant,**

v.

**MUNICIPALITY OF ANCHORAGE,**
Appellee.

No. 3900.

Supreme Court of Alaska.

Feb. 9, 1979.

Paul C. O'Connell, Kennelly & Azar, Anchorage, for appellant.

Donald L. Starks, Municipal Prosecutor, Theodore D. Berns, Municipal Atty., Anchorage, for appellee.

OPINION

Before RABINOWITZ, C. J., and CONNOR, BOOCHEVER, BURKE and MATTHEWS, JJ.

PER CURIAM.

On August 4, 1977, while wearing his gun in its holster, Robert Wright purchased a new coat. He put the new coat on and wore it out of the store, thereby covering his gun. Shortly after, he was arrested and charged with violation of Anchorage Municipal Code 8.05.070 A(1),[1] for carrying a concealed weapon.

After trial in the district court he was found guilty of violating the ordinance. Wright appeals from a memorandum decision of the Superior Court affirming his conviction.

At trial, the court refused to give two additional jury instructions proposed by Wright which would have required the jury to find that Wright intended to conceal the weapon before it could convict him of carrying a concealed weapon.[2]

The trial court gave the following instructions as to elements of the offense and the requisite criminal intent:

"[Instruction No. 4] The elements of carrying a concealed weapon are as follows:

(1) The defendant had a weapon on his person or under his immediate control; and

(2) that weapon was concealed from view.

"[Instruction No. 5] In the crime charged on the complaint, there must exist a union or joint operation of act or conduct and criminal intent. To constitute criminal intent it is not necessary that there should exist an intent to violate the law. Where a person intentionally does that which the law declares to be a crime, he is acting with criminal intent, even though he may not know that his act or conduct is unlawful."

The trial court thus told the jury that guilt must be based on intentional conduct. We note that the combined effect of the instructions given does not differ from the refused instructions proffered by appellant.

We hold that the jury was properly instructed. The instructions given by the trial court are consistent with cases decided under statutes similar to Anchorage Municipal Code 8.05.070 A.1.[3] Our own opinions regarding mens rea are in accord,[4] particularly *Alex v. State*, 484 P.2d 677, 681–82 (Alaska 1971) in which we noted:

"What is essential is not an awareness that a given conduct is a 'wrongdoing' in the sense that it is proscribed by law, but rather, an awareness that one is committing the specific acts which are defined by law as a 'wrongdoing'. It is, however, no defense that one was not aware his acts were wrong in the sense that they were proscribed by law. So long as one acts intentionally, with cognizance of his behavior, he acts with the requisite awareness of wrongdoing. In the words of Justice Holmes:

'If a man intentionally adopts certain conduct in certain circumstances known to him, and that conduct is forbidden by the law under those circumstances, he intentionally breaks the law in the only sense in which the law ever considers intent.'

1. Anchorage Municipal Code 8.05.070 A.1 provides:

"*Concealed Weapon.*
A. It is unlawful for any person to carry concealed about his person in any manner:
1. a revolver, pistol, or other firearm;
. . . ."

2. Wright's requested instructions were:

"[I]n order to find the defendant guilty, you must find that he is guilty of every element of the offense with which he is charged."
"[I]n order to find the defendant had the requisite intent to commit the offense with which he is charged, you must find that he intended to commit each element of the offense with which he is charged."

3. *Hall v. Commonwealth*, 309 Ky. 74, 215 S.W.2d 840, 841 (1949); *People v. Wilson*, 29 Ill.App.3d 1033, 332 N.E.2d 6, 9 (1975), citing *People v. Foster*, 32 Ill.App.2d 462, 178 N.E.2d 402, 405 (1969); *State v. Davidson*, 217 N.W.2d 630, 632 (Iowa 1974); *State v. Asfoor*, 75 Wis.2d 411, 249 N.W.2d 529, 539 (Wis.1977).

4. *See e. g., Speidel v. State*, 460 P.2d 77, 80 (Alaska 1969) and *State v. Campbell*, 536 P.2d 105, 112 (Alaska 1975) which preclude imposing criminal liability for inadvertent acts.

*Ellis v. United States*, 206 U.S. 246, 257, 27 S.Ct. 600, 602, 51 L.Ed. 1047, 1053 (1907)."

■ Therefore, because the jury was properly instructed, we affirm appellant's conviction. We shall, however, remand for resentencing in light of our opinion in *City of Kodiak v. Jackson*, 584 P.2d 1130 (Alaska 1978) which holds that mandatory minimum sentences created by city ordinances are invalid when in conflict with state law.[5]

AFFIRMED and REMANDED for further proceedings consistent with this opinion.

---

5. A sentence of 5 days was imposed pursuant to Anchorage Municipal Code 8.05.070 B., which provides:

"Upon conviction of violation of subsection A.1 of this ordinance, the defendant shall be sentenced to no less than five days in jail, which term of imprisonment may be neither suspended nor deferred."