STATE of Missouri, Respondent,

v.

Charles L. SPENCER, Appellant.

No. KCD 28471.

Missouri Court of Appeals,
Kansas City District.

Nov. 1, 1976.

years imprisonment in the Department of Corrections.

The sole issue appellant presents here is the sufficiency of the evidence to sustain the conviction.

The events leading up to appellant's arrest on the charge began shortly after midnight on September 18, 1975. At that time Patrolman David Ray was sitting in his police car talking to another patrolman who was in another police car. Two cars then pulled into the lot, one of them with the horn honking to attract the officers. One car stopped and appellant got out and advised the officers that the person in the second car had a shotgun and was chasing him. That person was immediately taken into custody, frisked, and the car was searched, but no weapon other than a pool cue was found.

Shirley Savage was in the car with appellant. She informed Patrolman Wayne Smith that appellant had abducted her from her home at gun point, and had threatened to kill her. She told the officer that appellant had a gun underneath the driver's seat of the car. Upon search the officer found a loaded 9 millimeter gun under the driver's seat near the door. The officer could not see the gun when he opened the car door, but found it when he knelt down and felt underneath the seat. Appellant was then arrested, and upon questioning, first denied that he knew anything about the gun, but later told Officer Smith that he had the gun for his protection.

McMullin, Wilson & Schwarz, Kansas City, for appellant.

John C. Danforth, Atty. Gen., Robert Presson, Asst. Atty. Gen., Jefferson City, for respondent.

Before DIXON, P. J., PRITCHARD, C. J., and WASSERSTROM, J.

PRITCHARD, Chief Judge.

In a trial to the court without a jury appellant was found guilty of the crime of carrying a concealed weapon (§ 564.610 RSMo 1969), and was sentenced to two

At trial Shirley testified that what she told the officer was false, but she admitted telling him that appellant had the gun, and testified that she was angry with appellant at the time she lied to the officers. She further testified that the gun was hers and that she had placed it under the seat when appellant got out of his car. Shirley had not told the police that the gun was hers before trial. Appellant testified that he did not know that Shirley had the gun in the car and that he did not put the gun under the seat.

Under *State v. Achter*, 514 S.W.2d 825, 827[3–7] (Mo.App.1974); and *State v. Jordan*, 495 S.W.2d 717, 720[5] (Mo.App. 1973), the evidence was certainly sufficient for the court to find appellant's guilt because under those cases the elements of the offense were shown: (a) the carrying of a dangerous or deadly weapon; (b) concealed on or about the person; and (c) along with an intent to conceal. The gun here was under the seat where appellant had been sitting, in such close proximity to him so as to be within his easy reach and convenient control. The officer's testimony of finding the weapon shows that it was not discernible by ordinary observation, and the "demonstrated concealment" supplies by presumption the necessary intent. *Achter* and *Jordan* supra. Appellant's admission that the gun was for his protection is here an important fact for the court to consider in resolving the matter of the credibility of the witnesses, which is its function. *State v. Small*, 423 S.W.2d 750, 751[1, 2] (Mo. 1968); *State v. Hall*, 525 S.W.2d 364, 364[1–3] (Mo.App.1975).

The judgment is affirmed.

All concur.