STATE of Missouri,
Plaintiff-Respondent,

v.

Harvey L. BAKER, Defendant-Appellant.

No. 44747.

Missouri Court of Appeals,
Eastern District,
Division Three.

July 20, 1982.

Joseph W. Downey, Public Defender, Mary Louis Moran, Public Defender, St. Louis, for defendant-appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for plaintiff-respondent.

CRANDALL, Judge.

Appellant was convicted by a jury of carrying a concealed weapon. Section 571.-115, RSMo 1978. He was found to be a persistent offender, § 558.016, RSMo 1978, and was sentenced to three years imprisonment. Appellant's sole point on appeal is that the State failed to make a submissible case because there was no evidence that he carried the weapon while it was concealed. We affirm.

■ In reviewing a claim of insufficiency of the evidence to support a conviction, we accept the State's evidence as true and give the State the benefit of all reasonable inferences, while disregarding all evidence and inferences to the contrary. *State v. Ludwig*, 609 S.W.2d 417, 418 (Mo.1980). Viewed by this standard, the evidence adduced at trial was that two police officers, Eugene Smith and Allen Perkins, stopped a yellow Pontiac at 5520 Thekla in the City of St. Louis during the early morning hours of January 23, 1981. As officer Smith approached the vehicle from the driver's side, he observed appellant tampering with the top of his bib overalls. Appellant then was seen to drop his right shoulder and place something under his seat. The officer then advised appellant and his passenger to step out of the vehicle. A search of the floorboard under the seat yielded a fully loaded revolver. The weapon was under the seat completely hidden from the officer's view. The gun was conveyed to officer Daryl Smith, who marked it and later identified it

at trial. A test of the revolver showed it to be operable.

 The elements of the offense are (1) the carrying of a dangerous or deadly weapon; (2) concealed on or about the person; and (3) intent to conceal. *State v. Spencer*, 543 S.W.2d 561, 563 (Mo.App.1976). Appellant contends that the foregoing evidence fails to establish a submissible case because there was insufficient evidence to show that the pistol was concealed in defendant's overalls prior to his arrest, thus negating the second element. We disagree. The weapon was concealed beneath the driver's seat within easy reach of appellant. The weapon was therefore *concealed* because it was "not discernible by ordinary observation," *State v. Jordan*, 495 S.W.2d 717, 720 (Mo.App.1973), and it was *on or about the person* because it was "in such close proximity to the accused so as to be within his easy reach and convenient control." *Id.* It is inconsequential whether or not the weapon had earlier been concealed in appellant's overalls. Appellant's contention is without merit.

The judgment is affirmed.

REINHARD, P. J., and SNYDER and CRIST, JJ., concur.