STATE of Missouri, Respondent,

v.

**Ronnie Harris WILLIAMS, Appellant.**

No. 45791.

Missouri Court of Appeals,
Eastern District,
Division Three.

April 19, 1983.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
May 26, 1983.

Application to Transfer Denied
June 30, 1983.

William H. Greer, Clayton, for appellant.

John Ashcroft, Atty. Gen., George Cox, Asst. Atty. Gen., Jefferson City, for respondent.

CRANDALL, Presiding Judge.

Appellant was convicted in a jury trial of burglary in the first degree, § 569.160, RSMo (1978), and robbery in the second degree, § 569.030, RSMo (1978). He was sentenced to fifteen years imprisonment on each count to be served consecutively. This appeal ensues. We reverse.

■ Appellant first challenges the sufficiency of the evidence. In reviewing a claim of insufficiency of the evidence to support a conviction, we accept the State's evidence as true and give the State the benefit of all reasonable inferences, while disregarding all evidence and inferences to the contrary. *State v. Baker,* 637 S.W.2d 392 (Mo.App.1982). Our review is limited to whether the evidence is sufficient to build a submissible case and whether there is sufficient evidence from which reasonable individuals could conclude that the defendant is guilty. *State v. Turner,* 631 S.W.2d 695, 696 (Mo.App.1982).

Within this scope of review, we now consider the evidence. Mildred Haller, age 75, lived alone in her one-room apartment. On October 27, 1981, two black men and a white woman broke open the door to her apartment and robbed her of approximately $1300, much of which was in $100 bills and $50 bills. During the robbery Mrs. Haller screamed when she was knocked to the floor and her arthritic leg was "shoved." One of the men wore a "sort of cowboy hat."

Victoria McFatridge lived with Pat Chism and Charles Humphrey in an apartment on the same floor as Mrs. Haller's apartment. On October 27, 1981, Chism, Humphrey and McFatridge were at their apartment with appellant and appellant's brother, Andre. Miss Chism is white; appellant and Charles Humphrey are black. Humphrey, Chism and appellant left the McFatridge apartment. Shortly thereafter, Miss McFatridge heard a door being knocked in and a scream. She and Andre then walked to a grocery store and called the police.

The police arrived and conducted an investigation. About one hour later the police stopped an automobile driven by appellant. Appellant was alone at the time. Appellant was arrested and searched. One hundred and twelve dollars were seized from his pockets, and a brown cowboy hat, which belonged to appellant, was seized from his automobile. He admitted being in the company of Chism and Humphrey that

evening. Later that evening Humphrey and Chism were arrested. Seven hundred and twenty dollars, including seven $100 bills, were seized from Humphrey. Five hundred and eighteen dollars were seized from Chism, including three $100 bills and four $50 bills.

At trial, Mrs. Haller stated that she was unable to identify anyone involved in the crimes. She identified appellant's hat as being similar to the hat worn by one of her assailants. She identified the money seized as being the same type of bills that were stolen from her.

■ The evidence against appellant was circumstantial. The issue is whether it is legally sufficient to uphold his conviction. When the State's case is based upon circumstantial evidence, the facts and circumstances relied upon to establish guilt must be consistent with each other and with the hypothesis of defendant's guilt. The facts and circumstances must also be inconsistent with and exclude every reasonable hypothesis of defendant's innocence, but need not be absolutely conclusive of guilt or demonstrate impossibility of innocence. The mere existence of other possible hypotheses is not enough to remove the case from the jury. *State v. Means,* 628 S.W.2d 426, 428 (Mo. App.1982).

In this case, the jury could have reasonably found that appellant was present in the apartment building at or near the time of the crimes. Appellant is a black man and was in the company of a black man and a white woman. Two black men and one white woman committed the crimes. One of Mrs. Haller's assailants was a man who wore a "sort of cowboy hat." Appellant owns a similar hat. Approximately $1300 were taken in the robbery, some of which was in large bills. The total amount of money seized from appellant, Humphrey, and Chism was $1350. Some of the money seized from Humphrey and Chism was in large bills.

■ Appellant's presence in the apartment building, a place where he had a right to be, coupled with the other incriminating

evidence in the case, raises a suspicion or possibility that he is guilty. We hold, however, that the evidence viewed in a light most favorable to the State is not inconsistent with and does not exclude every reasonable hypothesis of appellant's innocence and therefore does not rise to the level of guilt beyond a reasonable doubt. The judgment of the trial court is reversed and the appellant is ordered discharged. In light of our decision, we do not consider appellant's other points.

REINHARD and CRIST, JJ., concur.