**STATE of Missouri, Plaintiff-Respondent,**

v.

**Charles D. TURNER, Defendant-Appellant.**

**No. 13900.**

Missouri Court of Appeals, Southern District, Division Two.

Aug. 9, 1985.

Carr L. Woods, Garrett & Woods, Circuit Public Defenders, Monett, for defendant-appellant.

William L. Webster, Atty. Gen., Thomas Carter, II, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

MAUS, Judge.

Under an instruction patterned upon MAI–CR2d 2.12, a jury found the defendant guilty of having acted with, aided or

encouraged Marion Rea and/or another person in cultivating marijuana. In accordance with the verdict, he was sentenced to imprisonment for three years. On appeal, the defendant contends the trial court erred in admitting certain exhibits, failing to direct a verdict of acquittal and giving the verdict directing instruction. Each claim of error is based upon the contention there was insufficient evidence to connect the defendant with the growing of marijuana plants established by the testimony.

To support this contention, he premises his argument upon the proposition this is a circumstantial evidence case. He then relies upon the often stated rule that in circumstantial evidence cases, the facts and circumstances upon which the state relies must be consistent with each other and with the defendant's guilt and must be inconsistent with any reasonable theory of innocence. *State v. Prier*, 634 S.W.2d 197 (Mo. banc 1982). Assuming, without deciding, this is a circumstantial evidence case within the meaning of that rule, nonetheless, this court is to accept the state's evidence as true and give the state the benefit of all reasonable inferences therefrom. *State v. Williams*, 652 S.W.2d 226 (Mo.App.1983). Viewing the evidence as so authorized, the following is a brief summary of the salient facts.

On July 12, 1983, having been informed of its character and location, law enforcement officers went to a campsite in a national forest. The campsite was in a clearing in a cedar glade area. The area was "in the middle of nowhere." It was one quarter mile from the nearest fire road and within a mile of Table Rock Lake. Cedar trees had been cut down. The stumps had been painted green. In the cleared area, there were approximately 138 growing marijuana plants. There were rocks and evidence of fertilizer around the plants. The soil had been worked. The plants were 2½ to 5 feet in height.

There was a tent in the area. There was a "lean-to" adjacent to the tent. The lean-to was made from sheets of plastic. The tent and lean-to were camouflaged by displaced cedar trees and brush. There were bedclothes and foodstuffs in the tent. There was also found a 174-page book entitled "Marijuana Potency." The book gave detailed instruction for growing potent marijuana. There was human waste and trash in the area.

About 10 or 15 minutes after the law enforcement officers arrived, the defendant and Marion Rea walked into the clearing. The defendant had used his parent's boat and motor to carry himself and Marion Rea on Table Rock Lake to the shore from where they walked to the campsite. The defendant was carrying a white plastic bucket. Rea was carrying a plastic bag and a box. In addition to groceries, the white plastic bucket contained marijuana. Seeing the officers, Rea ran from the area. The defendant was apprehended.

The defendant's mother testified the defendant was a friend of Marion Rea and Dennis Mackey. During that summer, at times these persons would visit her son in their home. The Turner home was located in the general area of the national forest and lake. During one of these visits, she heard Mackey and Rea discussing a campsite they had in the forest where they were growing marijuana. She had stated that her son had been to the campsite at least three times, although she recanted this statement at trial.

The defendant testified that he had been a friend of Mackey and Rea for years. He testified that during the summer of 1983, he saw them occasionally and would give them rides to buy groceries. On one occasion, he and his mother drove them near the campsite. Mackey and Rea had two rolls of chicken wire and two sacks of groceries. The defendant's mother testified she was aware the chicken wire was to be used to fence marijuana plants. The defendant admitted to an officer he had been to the campsite several times. Also,

the defendant admitted that in 1971 he pleaded guilty to a felony charge of possession of marijuana.

As stated, the defendant's position is based upon his repeated assertion "there was no evidence whatsoever that the appellant did anything with respect to cultivating the marijuana." The state was not required to prove the defendant's criminal activity by an eyewitness to his physical cultivation of the marijuana plants. "[T]he state is entitled to the benefit of all the evidence tending to prove the defendant's guilt together with all reasonable inferences to be drawn therefrom." *State v. Poole*, 683 S.W.2d 326, 329 (Mo.App.1984). Admittedly, the defendant had been to the campsite several times. His familiarity with marijuana was established by his 1971 plea of guilty. It would be reasonable to conclude he was aware of the extensive cultivation of marijuana at the campsite. There was evidence that, at a minimum, he aided or encouraged his friends in that cultivation by transporting them and their supplies, including chicken wire for fencing the marijuana. He used his parent's boat for the same purpose. The defendant's theory was that he was casually and without knowledge or purpose transporting his friend and his groceries by boat. The evidence need not exclude every possibility of innocence. *State v. Williams*, supra. There was evidence the defendant had been to the campsite several times; he was aware of the cultivation of marijuana; he transported supplies for the campsite to be used in growing marijuana; and he was carrying marijuana in the bucket at the time he was apprehended. This evidence is inconsistent with his theory of innocence. The trial court did not err. The evidence is sufficient to support the jury's verdict. *State v. Franks*, 688 S.W.2d 787 (Mo.App. 1985); *State v. Poole*, supra. The judgment is affirmed.

PREWITT, C.J., HOGAN, P.J., and CROW, J., concur.