STATE of Missouri, Respondent,

v.

Rodney FERGUSON, Appellant.

No. 56341.

Missouri Court of Appeals, Eastern District, Northern Division.

Nov. 7, 1989.

Henry Hine, Clayton, for appellant.

William L. Webster, Atty. Gen., Ronald L. Jurgeson, Asst. Atty. Gen., Jefferson City, for respondent.

CRANDALL, Judge.

Defendant, Rodney Ferguson, appeals from his convictions of two counts of selling a controlled substance, to wit, marijuana. *See* Section 195.020, RSMo (1986). He was sentenced to five years' imprisonment on each count, the terms to run consecutively. We affirm.

Defendant first challenges the sufficiency of the evidence. Because defendant failed to preserve this claim of error by raising it in his motion for new trial, we review for plain error. Rule 30.20.

In reviewing a claim of insufficiency of the evidence to support a conviction, we accept the State's evidence as true and give the State the benefit of all reasonable inferences, while disregarding all evidence and inferences to the contrary. *State v. Williams*, 652 S.W.2d 226, 227 (Mo.App. 1983). Our review is limited to whether the evidence is sufficient to build a submissible case and whether there is sufficient evidence from which reasonable individuals could conclude that the defendant is guilty. *Id.*

■ Within this scope of review, we consider the evidence. The State's main witness was an undercover agent in a drug investigation run jointly by the Marion County Sheriff's Department and the Palmyra Police Department. The first count against defendant concerned the sale of a controlled substance to the undercover agent on March 18, 1988. On that date, the agent met defendant at a bar in Palmyra. After sharing a marijuana cigarette with the agent, defendant accompanied the agent to the agent's motel room. Defendant brought with him a plastic bag containing what appeared to be marijuana. After smoking two more cigarettes made from the substance in the bag, the agent purchased the remainder of the bag from defendant. Tests later confirmed the contents of the plastic bag to be marijuana.

The second count against defendant was based on a sale to the agent on March 21, 1988. On that date, the agent was again in the bar in Palmyra when he struck a deal with defendant to purchase marijuana. They went to the bathroom to transact the sale. The sale was interrupted by the bartender who followed them into the bathroom. They completed the sale in the parking lot of the agent's motel.

Defendant testified at trial. He offered the defense of alibi for both dates on which the sales allegedly had taken place.

The focus of defendant's challenge to the sufficiency of the evidence is that the only evidence connecting defendant to the sale of marijuana was the undercover agent's testimony, which defendant claims was "wholly inconsistent and impeached in all it's more prominent features."

The undercover agent's testimony that two hand-to-hand sales occurred was sufficient to sustain a conviction. The fact that the agent's testimony may have been impeached on some details relevant to the two sales is not grounds for reversal. The credibility of the State's witness and the weight to be given to his testimony was for the jury to determine. *State v. Jones*, 745 S.W.2d 748, 751 (Mo.App.1987). Defendant's first point is denied.

In his second point, defendant contends that the trial court erred in admitting testimony regarding the nature of the undercover investigation and regarding the cessation of that investigation upon a death threat to the agent.

■ We first address the testimony about the general operation of the undercover investigation. The disputed testimony was elicited during the direct examination of the Chief of Police of Palmyra and again during the direct examination of the undercover agent. At trial, defendant objected only to the following three questions asked of the Chief:

Q. When did the idea of this undercover [investigation] first originate?

\* \* \* \* \* \*

Q. What was the purpose of that meeting [between the Chief and the sheriffs of Marion and Callaway Counties]?

\* \* \* \* \* \*

Q. Back when you met on the 11th to set up the basic organizational structure, did you talk with him [the agent] about

how quickly narcotics would be turned over after they were purchased?

A. Yes.

Defendant's objection to the first question was sustained. His objection to the second question was overruled; but the question was never answered. His objection to the third question was overruled, but not until after the Chief had answered. Defendant did not object to the undercover agent's testimony regarding the operation of the investigation.

It is clear from the record that defendant failed to object at trial to the admission of almost all of the testimony which he now challenges on appeal. This omission results in a failure to preserve for review the issue regarding the admissibility of that evidence. *State v. Lincoln,* 705 S.W.2d 576, 578 (Mo.App.1986). Unpreserved error, however, may be reviewed for plain error. Rule 30.20.

We have reviewed the evidence, both that which was admitted over defendant's objection and that to which defendant failed to object. We find no error, plain or otherwise, in the admission of the testimony regarding the general nature of the undercover operation. Such testimony provided the background which was necessary to understand the events leading to the charges against defendant.

█ The second prong of defendant's second point charges error in the admission of the agent's testimony that the undercover operation ceased when defendant told the agent that someone was out to kill the agent and also in the admission of the agent's testimony that defendant asked the agent if there was anything defendant himself could do to get out of trouble. There was no error in the admission of this evidence. Defendant voluntarily made these statements to the agent. The agent did not request them. The statements evinced defendant's knowledge that he was in serious difficulty with the law. Such testimony was admissible to establish defendant's consciousness of guilt. *United States v.*

*Levy,* 578 F.2d 896, 900 (2nd Cir.1978). Defendant's second point is denied.

The judgment is affirmed.

KAROHL, P.J., and HAMILTON, J., concur.